**C. Daniel HURLBUT, Appellant,**

v.

**STATE BOARD OF INSURANCE,
Appellee.**

No. 12598.

Court of Civil Appeals of Texas,
Austin.

Aug. 10, 1977.

Randy Martin, James A. Moore, Houston, for appellant.

John L. Hill, Atty. Gen., Catherine A. Brown, Asst. Atty. Gen., Austin, for appellee.

SHANNON, Justice.

This is a license revocation case. After hearing, the State Board of Insurance entered an order revoking the agent's license of C. Daniel Hurlbut. Hurlbut filed an appeal from the Board's order in the district court of Travis County. The district court sustained the Board's special exception and entered an order dismissing Hurlbut's cause of action for want of jurisdiction. We will affirm the judgment of the district court.

The parties agree that Tex.Rev.Civ.Stat. Ann. art. 6252–13a (1976), usually termed the Administrative Procedure and Texas Register Act, governed the appeal from the Board to the district court. The pertinent provisions in that act relating to appeals from administrative orders are set out below:

"Sec. 16(c) A decision is final, in the absence of a timely motion for rehearing

. . .

\* \* \* \* \* \*

"(e) Except as provided in Subsection (c) of this section [not applicable], *a motion for rehearing is a prerequisite to an appeal.* A motion for rehearing must be filed within 15 days after the date of rendition of a final decision or order. . . ." (Emphasis added).

Hurlbut never filed a motion for rehearing with the Board. Because the filing of a motion for rehearing is a prerequisite to an appeal of the Board's order to the courts, under Art. 6252–13a, the district court properly sustained the Board's special exception and dismissed Hurlbut's cause of action for want of jurisdiction. *Texas State Board of Pharmacy v. Kittman,* 550 S.W.2d 104 (Tex.Civ.App.1977, no writ). Upon determination that it had no jurisdiction of the appeal, the district court, of course, could not consider Hurlbut's complaints concerning the deficiencies of the Board's order.

The judgment is affirmed.