RAILROAD COMMISSION of Texas
et al., Appellants,

v.

MISSOURI PACIFIC RAILROAD
COMPANY, Appellee.

No. 8295.

Court of Civil Appeals of Texas,
Beaumont.

Sept. 6, 1979.

Rehearing Denied Oct. 4, 1979.

J. Scott Wilson, Asst. Atty. Gen., Austin, for appellants.

William C. Dowdy, Dallas, for appellee.

CLAYTON, Justice.

This is an appeal from a judgment of the trial court reversing and remanding an order of the Railroad Commission.

Appellee, Missouri Pacific Railroad Company (Railroad), filed its application with the Railroad Commission (Commission) of Texas seeking to discontinue its agency at Atlanta, Cass County, Texas, and to transfer agent service for Atlanta patrons to its Texarkana station. The hearing examiner in his report recommended that the Railroad be granted authority to discontinue its agency at Atlanta, Texas, to make Atlanta a non-agency station, and to transfer the agency functions performed there to its Texarkana Customer Service Center (CSC). The examiner also recommended denial of authority to dismantle the depot (which ruling is not in dispute here). The Commission sustained an exception to this recommendation on the grounds that the Texarkana CSC "is situated in the State of Arkansas and is outside the jurisdiction of the . . Railroad Commission," and denied the Railroad's application in its entirety.

The Commission overruled Railroad's motion for rehearing, and the Railroad filed a petition in the district court seeking judicial review of the Commission's order. Upon hearing by the trial court, motions to dismiss were overruled, and the court "REVERSED and REMANDED to the RAILROAD COMMISSION . . . for further proceedings consistent with this Judgment." From this judgment, the Commission has perfected its appeal.

■ The Commission's first point complains of error in overruling its motion to dismiss this cause for lack of jurisdiction for the reason that the Railroad, in its motion for rehearing filed with the Commission, failed to allege any specific error upon which the Commission could reconsider Railroad's application. The Administrative Procedure and Texas Register Act, *Tex. Rev.Civ.Stat.Ann. art. 6252–13a, § 16(e)* (Vernon Supp.1978), makes the filing of a motion for rehearing a prerequisite to an appeal from any order of an administrative agency. This requirement has been held to be jurisdictional. *Hurlbut v. State Board of Insurance*, 555 S.W.2d 180 (Tex.Civ.App. —Austin 1977, no writ); *Texas State Board of Pharmacy v. Kittman*, 550 S.W.2d 104, 107 (Tex.Civ.App.—Tyler 1977, no writ).

The Railroad's motion for rehearing before the Commission states the order issued by the Commission "is contrary to the law applicable to the case, and is without support in the evidence. . . ." The purpose of such a motion is to provide notice to the Commission that the moving party is dissatisfied with the Commission's final order and that an appeal will be prosecuted if the ruling is not changed. Such motion provides the Commission an opportunity for review and reconsideration of its order. The Legislature did not see fit to insert any language into *Sec. 16(e), Article 6252–13a,* concerning specificity in such motion for rehearing. Moreover, where pleadings are required in administrative proceedings, their validity should not be tested by the technical niceties of pleadings and practice required in court trials. *Railroad Commission v. Magnolia Petroleum Company*, 130 Tex. 484, 109 S.W.2d 967 (1937); *Thacker v. Texas Alcoholic Beverage Commission*, 474 S.W.2d 258 (Tex.Civ.App.—San Antonio 1971, no writ). We hold that such motion for rehearing filed by the Railroad with the Commission is sufficient as a prerequisite for appeal, as required by *Tex.Rev.Civ.Stat. Ann. art. 6252–13a, § 16(e)* (Vernon Supp. 1978).

An appeal from an order of the Railroad Commission is governed by the substantial evidence rule. *Trapp v. Shell Oil Co.*, 145 Tex. 323, 198 S.W.2d 424 (1946). The motion filed by the Railroad was sufficiently specific regarding the primary question for review in the District Court, since it points out the fact that the order issued by the Commission "is contrary to the law applicable to the case, and is without support in the evidence," thereby specifically pointing out that the order fails to meet the substantial evidence test which is the test for review in this administrative proceeding. *Purolator Courier Corp. v. Railroad Commission*, 548 S.W.2d 486 (Tex.Civ.App.—Austin 1977, writ ref'd n. r. e.).

■ The Commission's second, third, and fourth points complain, in essence, that the trial court erred in concluding the Commis-

sion had jurisdiction to grant authority to the Railroad to discontinue the Atlanta agency and to transfer the agency's functions to the Texarkana station because the latter station was without the jurisdiction of the Commission. The examiner's Proposal for Decision contains certain findings of fact which were "affirmed, adopted and incorporated" in the Commission's final order, and thus became the findings by the Commission, as follows:

1. The work force at Atlanta consists of one employee whose time is devoted primarily to receiving and relaying telephone calls for the Texarkana CSC. The clerical work has been handled by Texarkana for three or four years and the carload portion since 1976.

2. Time studies conducted on two typical work days at the Atlanta agency showed the agent spent 52 minutes and 20 minutes, respectively, of productive time during 8-hour shifts.

3. The workload at Atlanta can be readily absorbed by the Texarkana CSC.

4. The Texarkana CSC offers Atlanta patrons direct access to (Railroad's) computer facilities which are not available at Atlanta. They can thus obtain information on car orders, billings, tracings, and rates, directly from the CSC at no additional cost.

5. Traffic for Atlanta will continue to be handled out of Texarkana by over-the-road trucks with store-to-door delivery at Atlanta. There will be no change in the handling of freight.

6. As a result of the discontinuance of the Atlanta agency, the Railroad will realize a savings of $20,000 per year.

7. There will be no change in train schedules or operations as a result of the granting of this application.

8. The proposed change makes reasonable provision for the performance of its duties to serve the public.

9. The proposed change will result in improved service to the public at Atlanta.

10. Public convenience and necessity no longer require the physical presence of an agent at Atlanta.

The only basis for denying the application to discontinue the Atlanta agency and to transfer its functions to the Texarkana agency was that "the Texarkana Customer Service Center is situated outside the jurisdiction of the Railroad Commission." The evidence presented to the Commission was that, with reference to the Texarkana CSC, "part of our offices are in Texas and part of them are in Arkansas." The address itself is on the Arkansas side, but the building complex and facilities are on both sides. The Texas and Arkansas state line is a common street and "runs right through the middle of our facility at Texarkana." In view of this evidence, we hold the finding of the Commission that "the Texarkana Customer Service Center is situated outside the jurisdiction of the Railroad Commission" is not supported by substantial evidence.

We are not convinced that the situs of the building in which paperwork for Atlanta is to be performed is the controlling factor. The key inquiry is: What control will the Commission have over Atlanta traffic in order to assure that the public will continue to be adequately served? The Commission's point of control is, and will continue to be, Atlanta, Texas. Even though the station work is done in Texarkana, Atlanta will still be the point of arrival and destination for freight, with the same service and schedule as now provided. Atlanta will continue to be a station in the tariffs, and the entire operation will be under the jurisdiction and control of the Railroad Commission which can impose whatever conditions it deems advisable and proper. It can retain jurisdiction for further re-opening and review, should such action become necessary, as is expressly stated in *Missouri-Kansas-Texas Railroad Co. v. Fowler*, 290 S.W.2d 922 (Tex.Civ.App.—Austin 1956, writ ref'd n. r. e.).

Finding no error, the judgment of the trial court is affirmed.

AFFIRMED.