**Gregorio PALACIOS, Appellant,**

v.

**TEXAS REAL ESTATE COMMISSION, Appellee.**

No. 13–89–368–CV.

Court of Appeals of Texas,
Corpus Christi.

Aug. 31, 1990.

Rehearing Overruled Oct. 11, 1990.

Oscar Palacios, Pharr, for appellant.

Jim Mattox, Atty: Gen., Mary F. Keller, First Asst. Atty. Gen., First Atty. Gen. for Litigation, Lou McCreary, Executive Asst. Atty. Gen., Atty. General's Office, James C. Todd, Chief, Gen. Litigation Div., and George Warner, Asst. Atty. Gen., Austin, for appellee.

Before KEYS, KENNEDY and BENAVIDES, JJ.

## OPINION

KEYS, Justice.

Gregorio Palacios appealed from an adverse ruling by the Texas Real Estate Commission to the District Court of Hidalgo County. His appeal was dismissed for lack of jurisdiction because the trial court found his motion for rehearing was not sufficiently specific. By three points of error, he complains of the dismissal. We reverse and remand for a trial on the merits.

The parties stipulated the following facts as set forth in a letter from the Texas Real Estate Commission to appellant:

> that on or about October 23, 1986, Gregorio Palacios, then and now a Texas–Licensed real estate broker, while acting as a real estate agent in Texas, completed an appraisal report of 41.45 acres of real property, locally known as Lot 16, Block 36, Alamo Land and Sugar Company Sundivision [sic], Alamo, Hidalgo County, Texas, hereinafter referred to as "the property" for the Pharr–San Juan–Alamo Independent School District, as buyer; that the contract required the buyer to pay any real estate commissions relating to the sale; that the sale closed on or about December 18, 1986; the Gregorio Palacios received a commission of $21,125 paid by the buyer at the time of closing; that after the closing of the transaction, Gregorio Palacios received $5000 from Ray J. Ransom [for his efforts as a broker in consummating the sale of the property]; that Gregorio Palacios did not inform the Pharr–San Juan–Alamo Independent School District and obtain its consent to receive $5,000 from Ray J. Ransom; ...

Appellant did not stipulate to the language in brackets. His position was that the money was a gift and was not compensation. The only issue at the hearing was whether the facts stipulated and the testimony before the hearing officer constitute a violation of Tex.Rev.Civ.Stat.Ann. art. 6573a § 15(a)(6)(D) (Vernon 1989)[1]. The Commission determined that appellant's conduct violated Article 6573a § 15(a)(6)(D) and suspended his real estate license for thirty days.

Appellant filed a timely motion for rehearing arguing that the agency improperly interpreted Article 6573a § 15(a)(6)(D), and that said law was vague. When the

---

**1.** Article 6573a provides: § 15 ... The commission may suspend or revoke a license issued under the provisions of this Act at any time when it has been determined that ... (6) the licensee, while performing an act constituting an act of a broker or salesman, as defined by this Act, has been guilty of ... (D) failing to make clear, to all parties to a transaction, which party he is acting for, or receiving compensation from more than one party except with the full knowledge and consent of all parties.

Commission's determination became final, he appealed to the District Court of Hidalgo County. The Court ruled that the motion for rehearing was not sufficiently specific and dismissed the appeal for want of jurisdiction.

By appellant's first point of error, he complains that the trial court erred in finding that the motion for rehearing was not sufficiently specific.

■ A motion for rehearing is required to appeal an agency's determination. Tex. Rev.Civ.Stat.Ann. art. 6252–13a § 16(e) (Vernon 1989) provides: "Except as provided in Subsection (c) of this section, a motion for rehearing is a prerequisite to an appeal." This requirement is mandatory, and failure to file a proper motion for rehearing will deprive the trial court of jurisdiction. *Railroad Comm'n v. Missouri Pac. Ry.*, 588 S.W.2d 640, 641 (Tex.App.—Beaumont 1979, writ ref'd n.r.e.).

■ Although § 16(e) does not explicitly require that a motion for rehearing specifically state the alleged errors in the agency's determination, the courts have read this requirement into the statute. *Suburban Util. Corp. v. Public Util. Comm'n.*, 652 S.W.2d 358, 365 (Tex.1983). The rationale for specificity in the motion for rehearing is to provide the agency with notice of the appeal so the agency may prepare a defense, and to allow the agency to correct the error. *Suburban*, 652 S.W.2d at 365; *United Sav. Ass'n v. Vandygriff*, 594 S.W.2d 163, 168–70 (Tex.Civ.App.—Austin 1980, writ ref'd n.r.e.); *Missouri Pac. Ry*, 588 S.W.2d at 641. Accordingly, the motion for rehearing must provide the agency with sufficient notice of the errors to prepare a defense or to correct the error. *Suburban*, at 365. The motion need not conform to the "technical niceties of pleadings and practice required in court trials.", *id.* at 364.

■ Sufficiently specific notice of the errors is composed of two elements. First, the motion must identify the agency's objectionable ruling, finding of fact, or conclusion of law. Second, it must state the reason why the agency's action is errone-

ous. *Burke v. Central Educ. Agency*, 725 S.W.2d 393, 397 (Tex.App.—Austin 1987, writ ref'd n.r.e.).

■ In the instant case the motion for rehearing stated:

[T]he aggrieved party contends that he has not violated Section 15(6)(D) of the Texas Real Estate License Art, [sic] Article 6573a, Texas Civil Statutes, as set out in the Findings of Fact, Conclusion of Law and Order of February 10, 1989, and further contends that the presiding officer has erred in the interpretation and application of said law. In the alternative, the aggrieved party contends that Section 15(6)(D) of the Real Estate License Act, Article 6573a, Texas Civil Statutes, is vague and indefinite as it is written and therefore said law cannot be properly applied to the aggrieved party as written and set out.

This motion sets forth two objections to the agency's action: that the interpretation of § 15(a)(6)(D) is incorrect, and that art. 6573a is vague and indefinite. We address the specificity of each allegation in the motion for rehearing under the two-pronged test in *Burke*.

The first sentence in the motion for rehearing quoted above notifies appellee that the order of February 10, 1989, incorrectly interprets § 15(a)(6)(D). It identifies appellee's act and states the legal objection. Since the facts were stipulated and the only issue was whether these facts constituted a violation of § 15(a)(6)(D), this objection notified the agency of its error, if any, and therefore was sufficiently specific. The second sentence notifies appellee that § 15(a)(6)(D) is indefinite and vague and cannot be applied to appellant. This, too, identifies the act of which appellant complains, the application of § 15(a)(6)(D) to him. It also states the legal basis of appellee's challenge, that the statute is indefinite and vague. We hold these objections stated in the motion for rehearing are sufficiently specific under the peculiar facts of this case. *Suburban* 652 S.W.2d at 365; *Burke*, 725 S.W.2d at 397. The trial court therefore had jurisdiction to adjudicate these points.

Due to our disposition of this point of error, we REVERSE the trial court and REMAND for a trial on the merits. We express no opinion at this time on other points of error or the question whether appellant violated § 15(a)(6)(D).