IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-285-CV




RONALD G. GREENING,



 APPELLANT


vs.





TEXAS WATER COMMISSION AND TRAVIS COUNTY WATER CONTROL 


AND IMPROVEMENT DISTRICT NO. 17,



 APPELLEES


 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT



NO. 91-14820, HONORABLE PETE LOWRY, JUDGE



 




PER CURIAM


 Appellant Ronald G. Greening appeals from the order of the district court of Travis
County dismissing his suit for judicial review of an order of appellee Texas Water Commission
for want of jurisdiction. We will reverse the order of dismissal.

 On September 6, 1990, the Commission issued its order authorizing appellee Travis
County Water Control & Improvement District No. 17 to sell bonds, in the amount of
$7,895,000, at an interest rate of 8.0% through the Texas Water Development Board. See
generally Tex. Water Code Ann. § 51.421 (West Supp. 1992). The District later requested the
Commission to amend the order. On August 9, 1991, the Commission issued an order approving
the District's request for an amendment authorizing the District to sell the bonds on the open bond
market at an interest rate of 9.1794%. See generally 31 Tex. Admin. Code § 293.86 (1988).

 Greening filed a request for rehearing with the Commission on August 20, 1991. 
In his brief, Greening states that the Commission denied the request for rehearing on
September 18, 1991. The record before this Court does not include a Commission order denying
the request for rehearing. (1) Greening filed his suit for judicial review of the August 9th order in
the district court of Travis County on October 18, 1991. See Tex. Water Code Ann. §§ 5.351,
.354 (West 1988).

 The Commission answered and filed a plea to the jurisdiction asserting that
Greening did not timely file his petition in district court and that his rehearing request did not
meet the minimum requirements for a motion for rehearing of an agency order. After a hearing,
the district court issued its order granting the plea to the jurisdiction and dismissing the cause for
want of jurisdiction. Greening appeals from this order of dismissal.

 In his only point of error, Greening asserts that the district court erred in dismissing
the cause for want of jurisdiction. He first contends that he timely complied with all Commission
requirements. The Water Code provides, "A person affected by a ruling, order, or decision of
the commission must file his petition within 30 days after the effective date of the ruling, order,
or decision." Water Code § 5.351(b). The Commission rules provide, in pertinent part, "The
motion [for rehearing] shall be filed in writing within 20 days after the date the party or his
attorney of record is notified of the final decision or order." Tex. Admin. Code § 273.1 (Supp.
1991). (2) The rules provide further that a person may file a petition for judicial review of an order
within thirty days after the order is final. Tex. Admin. Code § 273.6 (1988). If a party files a
motion for rehearing, an "order if [sic] final . . . on the date of rendition of the order overruling
the motion for rehearing or on the date the motion is overruled by operation of law." Tex.
Admin. Code § 273.5 (1988).

 Greening contends that he timely filed his petition for judicial review pursuant to
the Water Code and the above rules. The Commission and the District respond that the rules are
inapplicable here because they apply only to contested cases. Because the underlying proceeding
was not a contested case, (3) Water Code § 5.351 required Greening to file his petition within thirty
days after the Commission issued its order on August 9th.

 The legislature has delegated to the Commission authority over the issuance of
bonds by a water control and improvement district. Water Code § 51.421; see generally Tex.
Admin. Code §§ 293.41-.45 (1988). The Commission renders its decision on a water district's
application to issue bonds by order. Tex. Admin. Code § 293.45(a) (1988). To determine
whether the cited Commission rules apply in this proceeding, we construe the rules according to
the same principles of construction as statutes. Lewis v. Jacksonville Bldg. & Loan Ass'n, 540
S.W.2d 307, 310 (Tex. 1976); Lunsford v. Board of Nurse Examiners, 648 S.W.2d 391, 396
(Tex. App.--Austin 1983, no writ); Lloyd A. Fry Roofing Co. v. State, 541 S.W.2d 639, 642 (Tex.
Civ. App.--Dallas 1976, writ ref'd n.r.e.).

 In construing a rule or regulation, the primary objective is to give effect to the
intent of the rule or regulation. Lewis, 540 S.W.2d at 310; Airport Coach Serv., Inc. v. City of
Fort Worth, 518 S.W.2d 566, 574 (Tex. Civ. App.--Tyler 1974, writ ref'd n.r.e.); see Jones v.
Del Andersen & Assoc., 539 S.W.2d 348, 350 (Tex. 1976); Sexton v. Mount Olivet Cemetery
Ass'n, 720 S.W.2d 129, 137 (Tex. App.--Austin 1986, writ ref'd n.r.e.). A reviewing court is
not responsible for omissions in a rule. The court must simply give a true and fair interpretation
of the language, an interpretation that is not forced, exaggerated, or strained and that the
regulatory language will fairly sanction and clearly sustain. Railroad Comm'n v. Miller, 434
S.W.2d 670, 672 (Tex. 1968); Sexton, 720 S.W.2d at 137.

 The analysis here begins with the fact that Greening filed a request or motion for
rehearing that was timely pursuant to § 273.1 of the Texas Administrative Code. Because
Greening did so, the question whether a motion was required is irrelevant. (4) Sections 273.5 and
273.6 are clear and unambiguous; therefore, we are to give these rules their common everyday
meaning. Cail v. Service Motors, Inc., 660 S.W.2d 814, 815 (Tex. 1983). The Commission and
the District assert that the context and wording of §§ 273.5 and 273.6 show that they apply only
to contested cases. The rules, however, do not refer to a "contested case" and are found under
the general heading "Proceedings after Final Decision." Compare, e.g., Tex. Admin. Code Ann.
§ 273.7 (1988) (record "in a contested case"). The sections preceding the provisions at issue
consistently refer to a "hearing" or "public hearing" and only infrequently to the more specific
"contested case" or "adjudicative hearing."

 The language of the rules at issue tracks the language of the Administrative
Procedure and Texas Register Act, Tex. Rev. Civ. Stat. Ann. 6252-13a (West Supp. 1992)
("APTRA") and was adopted shortly after its enactment. See APTRA §§ 16(c),(e), 23 (West
Supp. 1992); 3 Tex. Reg. 522-29 (1978) (Tex. Water Comm'n, Rule 155.01.00-.08.035) (since
repealed). Nevertheless, we may not preclude the application of §§ 273.5 and 273.6 to this
proceeding when the rules themselves do not expressly limit their application to contested cases
as appellees urge. See Cail, 660 S.W.2d at 815.

 As stated, the approval or disapproval of a bond issue is a matter expressly
delegated to the Commission. Water Code § 51.421. The purpose of a motion for rehearing is
to provide an agency notice that a party is dissatisfied with a final order and will seek review if the ruling is not changed. Suburban Util. Corp. v. Public Util. Comm'n, 652 S.W.2d 358, 364
(Tex. 1983). An interpretation of a rule that allows for a motion for rehearing and, thereby,
provides the agency an opportunity to correct any error is neither strained nor exaggerated. See
Ross v. Texas Catastrophe Property Ins. Ass'n, 770 S.W.2d 641, 642-43 (Tex. App.--Austin 1989,
no writ); Suburban Util. Corp., 652 S.W.2d at 365; United Sav. Ass'n v. Vandygriff, 594 S.W.2d
163, 168 (Tex. Civ. App.--Austin 1980, writ ref'd n.r.e.).

 Section 5.351 of the Water Code requires a party to seek judicial review of a
Commission order within thirty days of its effective date. Pursuant to § 273.5, that date was
September 18, 1992, or the date the motion was overruled by operation of law. Greening filed
his petition in the district court of Travis County on October 18, 1992. Accordingly, the petition
was timely. Water Code § 5.351; Tex. Admin. Code § 273.6 (1988).

 Under his point of error, Greening also asserts that his motion for rehearing meets
the requirement of Commission rule 273.1 and Railroad Commission v. Missouri Pacific Railroad
Co., 588 S.W.2d 640 (Tex. Civ. App.--Beaumont 1979, writ ref'd n.r.e.). In pertinent part, the
rule requires that a motion for rehearing contain "a concise statement of each allegation of error." 
Tex. Admin. Code § 273.1. In his motion, Greening requested "that the [Commission] conduct
a rehearing and an evidentiary hearing in the request of [the District] . . . for bond issue
approval," and stated, "I made a timely request for such a hearing and that request was supported
by Commission staff."

 The purpose of a motion for rehearing is to provide an agency notice that a party
is dissatisfied with a final order and that the party will seek review if the ruling is not
changed.  Suburban Util. Corp., 652 S.W.2d at 364; see United Sav. Ass'n, 594 S.W.2d at
168-70. As to the APTRA requirement, the supreme court has determined that a motion for
rehearing must "be sufficiently definite to apprise the regulatory agency of the error claimed and
to allow the agency opportunity to correct the error or to prepare to defend it." APTRA § 16(e);
Suburban Util. Corp. 652 S.W.2d at 365; see Texas Ass'n of Long Distance Tel. Cos. v. Public
Util. Comm'n, 798 S.W.2d 875, 881 (Tex. App.--Austin 1990, writ denied). Accordingly, a
motion must set out two requirements pertaining to each contention: (1) the particular ruling or
action of the agency that the movant asserts was erroneous and (2) the legal basis upon which the claim of error rests. Burke v. Central Educ. Agency, 725 S.W.2d 393, 396-97 (Tex. App.--Austin 1987, writ ref'd n.r.e.); Hooks v. Texas Dept. of Water Resources, 645
S.W.2d 874, 880 (Tex. App.--Austin 1983, writ ref'd n.r.e.).

 At issue here is whether Greening's motion sets out the legal basis for the asserted
error, the lack of an evidentiary hearing. Greening was not required to brief either the law or the
facts in his request for rehearing. City of El Paso v. Public Util. Comm'n, No. 3-90-007-CV, slip
op. at 34 (Tex. App.--Austin Aug. 26, 1992, n.w.h.)(motions for rehearing need not contain
citations of authority); Burke, 725 S.W.2d at 397. In his motion, Greening states that he timely
requested a hearing and lists reasons why he believes a hearing is necessary. We conclude that
the motion is sufficient. See Tex. Admin. Code § 273.1 (1991); City of El Paso, slip op. at 34;
Texas Ass'n of Long Distance Tel. Cos., 798 S.W.2d at 881; Palacios v. Texas Real Estate
Comm'n, 797 S.W.2d 167, 169 (Tex. App.--Corpus Christi 1990, writ denied).

 Accordingly, we sustain Greening's point of error. The trial court's order of
dismissal is reversed and the cause remanded for trial on the merits.


[Before Justices Powers, Aboussie and B. A. Smith]

Reversed and Remanded

Filed: September 16, 1992

[Do Not Publish]
1. Neither the Commission nor the District directly challenges this statement. See Tex. R.
App. P. 74(f). If the Commission did not deny the motion on the date stated, the motion was
deemed overruled by operation of law on September 23, 1991. 31 Tex. Admin. Code § 273.2
(1988).
2. The District suggests that the rules at issue were not properly before the district court and,
presumably, are not part of the record before this Court. See Sparkman v. Maxwell, 519 S.W.2d
852, 855 (Tex. 1975). Pursuant to Tex. R. Civ. Evid. 204, a court, on its own motion, may take
judicial notice of the contents of the Texas Register and of rules published in the Texas
Administrative Code. The Administrative Procedure and Texas Register Act, Tex. Rev. Civ. Stat.
Ann. art. 6252-13a, § 4(c) (West Supp. 1992) ("APTRA"); and the Texas Administrative Code
Act, Tex. Rev. Civ. Stat. Ann. art. 6252-13b, § 4 (West Supp. 1992), require a court to take
judicial notice of the contents of the Texas Register and the Texas Administrative Code,
respectively. Metro Fuels, Inc. v. City of Austin, 827 S.W.2d 531, 532 (Tex. App.--Austin 1992,
no writ).
3. APTRA defines "contested case" as "a proceeding . . . in which the legal rights, duties, or
privileges of a party are to be determined by an agency after an opportunity for an adjudicative
hearing." APTRA, § 3(2) (West Supp. 1992). Neither the Water Code nor the Commission rules
expressly provide for a hearing on an application of a water control and improvement district to
issue bonds. See generally Big D Bamboo, Inc. v. State, 567 S.W.2d 915, 918 (Tex. Civ.
App.--Beaumont 1978, no writ); Robert W. Hamilton and J.J. Jewett, III, The Administrative
Procedure and Texas Register Act: Contested Cases and Judicial Review, 54 Tex. L. Rev. 285,
286-88 (1976).
4. We expressly do not address the § 273.1 requirement of a motion for rehearing as a
prerequisite in this instance to a suit for judicial review when the case is not a "contested case"
governed by APTRA. Tex. Admin. Code § 273.1 (1991). We question the authority of a
regulatory agency to establish, without statutory authority, a prerequisite to a suit for judicial
review in district court. See Tex. Const. art. V, § 8; APTRA § 16(e) (West Supp. 1992); Burke
v. Central Educ. Agency, 725 S.W.2d 393, 395-96 (Tex. App.--Austin 1987, writ ref'd n.r.e.);
City of Lubbock v. Bownds, 623 S.W.2d 752, 755 (Tex. App.--Amarillo 1981, no writ).