IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-258-CV





PATILLO PRODUCE, INC.,



 APPELLANT


vs.





PRODUCE RECOVERY FUND BOARD AND JERRY ESTOPY,



 APPELLEES


 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT



NO. 91-15506, HONORABLE PAUL R. DAVIS, JR., JUDGE PRESIDING



 





PER CURIAM



 Appellant Patillo Produce, Inc., appeals from an order of the district court of
Travis County granting the plea to the jurisdiction of appellee Produce Recovery Fund Board ("the
Board") and dismissing Patillo Produce's suit for judicial review of the Board order. We will
affirm the order of the district court.

 Appellee Jerry Estopy and Patillo Produce entered into a contract for processing
carrots that Estopy grew and supplied to Patillo Produce. In 1989, Estopy filed a claim with the
Board alleging that Patillo Produce had breached the contract and seeking reimbursement from
the Produce Recovery Fund ("the Fund") for the amount Patillo Produce owed him. Tex. Agric.
Code Ann. § 103.005 (West Supp. 1992) ("Agric. Code"). After a hearing, the Board determined
that Patillo Produce was liable to Estopy in the amount of $56,264.96, and ordered payment of
the amount of $20,000.00 from the Fund. Agric. Code §§ 103.006, .007(b) (West Supp. 1992). (1)

 The Code provides for review of the Board's order as a contested case under the
Administrative Procedure and Texas Register Act. ("APTRA"), Tex. Rev. Civ. Stat. Ann. 6252-13a (West Supp. 1992). Agric. Code § 103.006(b) (West 1982). Patillo Produce timely filed a
motion for rehearing that the Board overruled by written order. APTRA § 16(e). The company
then filed its petition for judicial review of the agency order in the district court of Travis County. 
APTRA § 19(a), (b). The Board answered urging its plea to the jurisdiction on the basis that the
motion for rehearing was insufficient to apprise the Board of the asserted error. The district court
granted the plea to the jurisdiction and dismissed the suit.

 In a single point of error, Patillo Produce contends that the district court erred in
granting the plea to the jurisdiction because the motion for rehearing was sufficient. The motion
states, in pertinent part:




1. [Patillo Produce] seeks a rehearing of this cause on the grounds that the
Findings of Fact as set out in paragraphs 1 through 31 "Findings of Fact"
of the "Order" . . . are not supported by the evidence in this cause.


2. [Patillo Produce] further seeks a rehearing of this cause on the grounds that
there is no basis in fact or in law to support the Conclusions of Law set out
in paragraphs 1 though 11, "Conclusions of Law" of the "Order" . . . .



The Board's order includes thirty-one findings of fact and eleven conclusions of law.

 A motion for rehearing is a prerequisite to a suit for judicial review of an agency
order. APTRA § 16(e). The purpose of the motion is to provide an agency notice that a party
is dissatisfied with a final order and that the party will seek review if the agency does not change
its ruling. Suburban Util. Corp. v. Public Util. Comm'n, 652 S.W.2d 358, 364 (Tex. 1983); see
United Sav. Ass'n v. Vandygriff, 594 S.W.2d 163, 168-70 (Tex. Civ. App.--Austin 1980, writ
ref'd n.r.e.). To satisfy the APTRA requirement, a motion for rehearing must "be sufficiently
definite to apprise the regulatory agency of the error claimed and to allow the agency opportunity
to correct the error or to prepare to defend it." Suburban Util. Corp., 652 S.W.2d at 365; see
Texas Ass'n of Long Distance Tel. Cos. v. Public Util. Comm'n, 798 S.W.2d 875, 881 (Tex.
App.--Austin 1990, writ denied). Accordingly, a motion must set out two elements pertaining to
each contention: (1) the particular ruling or action of the agency that the movant asserts was
erroneous and (2) the legal basis upon which the claim of error rests. Burke v. Central Educ.
Agency, 725 S.W.2d 393, 397 (Tex. App.--Austin 1987, writ ref'd n.r.e.); Hooks v. Texas Dept.
of Water Resources, 645 S.W.2d 874, 880 (Tex. App.--Austin 1983, writ ref'd n.r.e.).

 We conclude that the motion for rehearing that Patillo Produce filed was not
sufficiently specific to apprise the Board of the error asserted. Burke, 725 S.W.2d at 398; Hooks,
645 S.W.2d at 879-80. The two points generally challenge all of the Board's findings of fact and
conclusions of law; the motion for rehearing does not assign error to particular findings of fact
or conclusions of law. A party may not satisfy the requirements for a motion for rehearing solely
with generalities. Burke, 725 S.W.2d at 397-98; Hooks, 645 S.W.2d at 879-80.

 Patillo Produce responds that its reliance on the doctrine of alter ego "require[d]
that objection be made to all findings." See Burke, 725 S.W.2d at 396 (sufficiency of motion for
rehearing depends largely on applicable law and the evidence developed before the agency); see
also Castleberry v. Branscum, 721 S.W.2d 270, 273 (Tex. 1986) (disregarding corporate fiction
is an equitable doctrine on which Texas courts take a flexible fact-specific approach). Before the
Board, Patillo Produce argued that the corporation was the alter ego of Estopy and, therefore, any
recovery would be inequitable. See Castleberry, 721 S.W.2d at 272 (alter ego applies when there
is such unity between corporation and individual that separateness of corporation ceases; to hold
only corporation liable would be unjust). The Board concluded "[Estopy's] agreement with
[Patillo Produce] was made as an individual grower of carrots dealing with a produce shed . . .
and not as an `alter ego' of the . . . shed." Patillo Produce now asserts that it had to challenge
all findings of fact and conclusions of law as relevant to the determination of the issue of alter
ego.

 A review of the Board's findings and conclusions shows the fallacy of this
argument. In findings one through twenty one, the Board set out facts relevant to Estopy's claim,
such as, the date of the transactions underlying the claim, the date Estopy filed his complaint with
the Board, and the terms of the parties' agreement. In findings twenty-two through thirty, the
Board addressed Estopy's relationship to Patillo Produce. The conclusions of law similarly cover
a range of issues from the Board's jurisdiction to hear the complaint to the parties' relationship. 
All findings of fact and conclusions of law clearly are not related to the issue of alter ego.

 This cause is thus distinguishable from that in Palacios v. Texas Real Estate
Comm'n, 797 S.W.2d 167 (Tex. App.--Corpus Christi 1990, writ denied). In his motion for
rehearing before the agency, Palacios asserted that he had not violated a section of the Real Estate
License Act as set out in the agency's findings of fact and conclusions of law. Id. at 169. 
Although he did not enumerate specific findings and conclusions, Palacios did advise the agency
of the error claimed, that is, the agency's interpretation of a section of the Real Estate License
Act. Id. Patillo Produce, however, stated only that the evidence did not support the findings and
that the conclusions of law had no basis in law or fact. Patillo Produce did not indicate that it
specifically disagreed with the Board's decision on alter ego.

 Accordingly, we conclude that Patillo Produce's motion for rehearing of the agency
order was not sufficiently specific. We overrule the point of error. The order of dismissal of the
district court is affirmed.


[Before Chief Justice Carroll, Justices Jones and Kidd]

Affirmed

Filed: October 21, 1992

[Do Not Publish]
1. The maximum amount payable from the fund is $20,000.00. Tex. Agric. Code Ann.
§ 103.008(b) (West Supp. 1992) ("Agric. Code"). Patillo Produce, a licensed commission
merchant, must reimburse the fund to maintain its license. Agric. Code § 103.009 (West Supp.
1992).