**Jeannene FOX, Administrator of the Texas Alcoholic Beverage Commission, Appellant,**

v.

**In re Margarita Anna MEDINA, d/b/a Roman Inn Lounge, Appellee.**

**No. 13–91–619–CV.**

Court of Appeals of Texas, Corpus Christi.

Feb. 18, 1993.

Karen D. Matlock, Austin, for appellant.

J.R. "Bobby" Flores, McAllen, for appellee.

Before KENNEDY, SEERDEN and FEDERICO G. HINOJOSA, Jr., JJ.

## OPINION

KENNEDY, Justice.

Jeannene Fox, administrator of the Texas Alcoholic Beverage Commission (TABC), appeals from the order of the district court reversing a TABC hearings examiner's revocation of the wine and beer retailer's permit of Margarita Anna Medina d/b/a Roman Inn Lounge. We reverse, render, and

reinstate the ruling of the hearings examiner.

*Background*

All activities in the following discussion of the procedural background occurred in 1991. On January 30, the TABC issued a notice of hearing to Medina. The notice informed Medina that the hearing would be held on April 23, and otherwise complied with the Administrative Procedure and Texas Register Act. TEX.REV.CIV.STAT.ANN. art. 6252–13a, § 13(b) (Vernon Supp.1993). The notice informed Medina that the hearing would involve the cancellation of her license for the acts of her agents, servants, or employees in being intoxicated on premises and in possessing or delivering controlled substances on premises. The notice was sent by certified mail, and return receipt was signed by Gregorio Medina, one of the agents, servants, or employees named in the notice.

On April 18, J.R. "Bobby" Flores as "attorney for defendant" filed a motion for continuance of the hearing. The hearings examiner granted the motion, and issued an order resetting the hearing for June 18. Flores apparently received this notice because on June 14, he filed a motion for continuance. On June 18, the TABC and Flores filed a joint motion for continuance and notice of intent to withdraw as counsel. The motion requested the continuance so that Flores could withdraw as counsel and Medina could obtain new counsel. The motion stated that Flores "agreed to immediately file a motion to withdraw as Respondent's counsel." A copy of this motion was sent to both Flores and Medina, and both returned the receipts. The hearings examiner on June 21, granted the motion and issued an order continuing the hearing to July 31. A copy of the order was sent to Flores, with the return receipt bearing the same signature as the June 18 motion receipt. Flores never filed a motion to withdraw as counsel.

The TABC appeared through counsel at the hearing on July 31, but neither Medina, Flores, nor anyone representing Medina appeared. The hearings examiner then entered default against Medina, supported by findings of fact and conclusions of law. The order was sent to both Medina and Flores, and both returned the receipts. The return receipt from Flores bore the same signature as the June 18 motion.

Flores filed a motion for rehearing, stating that he was still attorney of record since he had not secured other counsel for Medina. He stated that he checked his files and had no notice of the hearing. The motion for rehearing was supported by the affidavit of Gregorio Medina, as agent of the Roman Inn Lounge, who stated that he would have appeared at the hearing with an attorney if he had known of it. The motion also contained lists of the findings of fact and conclusions of law with which Medina agreed, conditionally agreed, or disagreed. The TABC responded with a recapitulation of many of the above facts, and an allegation that the TABC's attorney had spoken with Flores on July 23 on the telephone and had mentioned the July 31 hearing. The TABC's response also argued that Medina's lists of disagreements were insufficient to demonstrate error. The TABC overruled the motion for rehearing.

Medina filed an appeal with the district court on September 9, but moved for nonsuit due to lack of service. Her motion for nonsuit was granted on September 18. Medina filed a new appeal on September 18. Despite complaining of problems with service, the TABC appeared at the hearing on September 27. At the hearing, Flores challenged the veracity of the statement in the TABC's attorney's affidavit regarding the telephonic discussion on July 23 about the hearing on July 31. The court on October 10 signed the order reversing and remanding to the TABC based on lack of notice to Medina of the hearing.

The TABC filed notice of appeal on October 28. Medina has made no appearance in this appeal.

*Discussion*

■ By point of error four, the TABC contends that the trial court erred in reversing the decision because Medina's motion for rehearing was deficiently nonspecific and waived errors. A motion for rehearing is a statutory prerequisite to ap-

peal an administrative agency's decision. TEX.REV.CIV.STAT.ANN. art. 6252–13a § 16(e) (Vernon Supp.1993). The courts have read a requirement into the statute that, to fulfill the appeal prerequisite, the motion for rehearing must point out errors with particularity and specificity. *Suburban Util. Corp. v. Public Util. Comm'n,* 652 S.W.2d 358, 365 (Tex.1983); *Palacios v. Texas Real Estate Comm'n,* 797 S.W.2d 167, 169 (Tex. App.—Corpus Christi 1990, writ denied). The motion need not comply with the "technical niceties of pleadings and practice required in court trials." *Suburban,* 652 S.W.2d at 364. The courts have nevertheless developed a two-part test for sufficiency. *Palacios,* 797 S.W.2d at 169; *Burke v. Central Educ. Agency,* 725 S.W.2d 393, 397 (Tex.App.—Austin 1987 writ ref'd n.r.e.). "First, the motion must identify the agency's objectionable ruling, finding of fact, or conclusion of law. Second, it must state the reason why the agency's action is erroneous." *Palacios,* 797 S.W.2d at 169; *Burke,* 725 S.W.2d at 397. The movant need not brief the law or facts, but cannot assert generally that the conclusions of law are not supported by substantial evidence. *Burke,* 725 S.W.2d at 397. General assertions do not give the agency notice of the deficiencies or the opportunity to address them. *Id.*

■ Medina's motion for rehearing was sufficiently specific in challenging the finding that Medina had notice of the hearing, but was deficient as to all other complaints. With respect to all other complaints, Medina merely listed by number those findings of fact and conclusions of law with which she agreed or disagreed. The lists in the motion fulfill the first part of the *Burke* test, but fail utterly on the second part. The enumeration gives the TABC no clear idea as to why Medina thinks such findings or conclusions are wrong. Medina's motion for rehearing preserved for appeal only the challenge to the finding that Medina had notice.

We sustain point of error four with respect to all issues on appeal except the notice point, which is the subject of point of error two. This ruling moots point of error three as it pertains to the issues which we have found were not properly preserved for appeal to the trial court.

■ By point of error one, the TABC contends that the trial court erred in denying the TABC's plea to the jurisdiction because the statutory time for hearing passed before the court held the hearing. The applicable statute provides in part as follows:

> The appeal [to the district court] shall be under the substantial evidence rule and against the commission alóne as defendant. The rules applicable to ordinary civil suits apply, with the following exceptions, which shall be construed literally:
>
> (1) the appeal shall be perfected and filed within 30 days after the date the order, decision, or ruling of the commission or administrator becomes final and appealable;
>
> (2) the case shall be tried before a judge within 10 days from the date it is filed;
>
> (3) neither party is entitled to a jury; and
>
> (4) the order, decision, or ruling of the commission or administrator may be suspended or modified by the court pending a trial on the merits, but the final judgment of the district court may not be modified or suspended pending appeal.

TEX.ALCO.BEV.CODE.ANN. § 11.67(b) (Vernon Supp.1993).

Courts interpreting this statute have held that proceedings occurring more than ten days after the filing of the appeal were void. *Cook v. Spears,* 524 S.W.2d 290 (Tex.1975).[1] In *Spears,* the licensee filed an appeal on November 1, 1974. The trial court set a hearing for December 13, 1974, and later granted a motion for continuance of that hearing until January 8, 1975. At the January 8 hearing, the trial court granted another continuance and a motion

---

**1.** The court in *Spears* was interpreting TEX.PEN. AUX.LAWS art. 666–15e, § 7a (Vernon 1974), a statutory predecessor to the current code provi-

sion. The 10–day time lapse provision was identical to that before us.

to compel discovery. The TABC requested that the supreme court compel the judge to set aside those orders granting continuances and compelling discovery. *Id.* The supreme court denied the mandamus request because the orders were immaterial because the time for hearing had passed before they were issued. *Id.* at 292. Without a hearing on appeal, the appeal was a nullity, and the TABC ruling was affirmed. *Id.*

Later in 1975, the supreme court underlined its *Spears* holding by issuing a mandamus to a trial court to set aside the stay of license cancellation pending appeal because the time for hearing had passed without a hearing. *Cook v. Walker*, 529 S.W.2d 762 (Tex.1975).[2] A court of appeals went a small step further in *McBeth v. Riverside Inn Corp.*, 593 S.W.2d 734 (Tex. Civ.App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.). In *Riverside*, the trial court held the hearing and issued an order reversing and remanding to the TABC within 10 days of the filing of the appeal. Well after the 10–day period lapsed, however, the trial court entertained and granted a motion for new trial; the trial court entered a judgment reversing and rendering against the TABC. *Id.* at 735. The Court of Civil Appeals reversed the grant of the new trial and the new judgment because both were entered after the time for hearing lapsed and the trial court thus had no jurisdiction. The appeals court ordered the trial court to reinstate the original judgment that it had entered within the time for hearing. *Id.* at 736.

The TABC argues that the time for hearing began running when Medina filed her first appeal on September 9. The TABC contends that under the mandated literal interpretation of the statute, the nonsuit did not interrupt the running of the time for hearing. The time thus elapsed on September 19, the TABC argues, and the court was without jurisdiction to hold the hearing.

We reject the TABC's argument. There is no language in this statute regarding the

effect of a nonsuit. The second appeal was timely filed 15 days after the final TABC ruling, well within the statutory 30–day period. The hearing was held nine days after the filing of the second appeal. In the absence of any statutory or case authority declaring that the filing of the first appeal irrevocably starts the 10–day countdown, we find that a literal reading of the statute permits Flores's manipulation of its terms through filing a nonsuit.

■ In order to solidify our claim to jurisdiction, we are compelled to address an issue related to the 10–day period not raised by the parties. We conclude that the statute does not render void all judgments signed after the 10–day period. Here, the court, on September 27, 1991, and within the 10–day period, orally rendered judgment immediately after conducting the hearing, but did not sign the written judgment until October 10, more than 10 days after Medina filed her appeal on September 18. The *Riverside* court held that no action taken after 10 days would be valid, analogizing to case law defining trial as all steps taken in the determination of the issue between parties and including hearings on motion for new trial. *Riverside*, 593 S.W.2d at 736 (*citing Lawyers Lloyds of Texas v. Webb*, 137 Tex. 107, 152 S.W.2d 1096 (1941)); *Seyene Investment Co.*, 295 S.W.2d 276 (Tex.Civ.App.—Dallas 1956, no writ). The statute sets the time period in which the case must be tried before the judge; it does not set forth when the judgment must be signed. We find that, though the trial court must hold the hearing within 10 days, it is not required to sign the judgment during that period. Once the 10–day period lapses, however, the trial court is powerless to entertain motions, hold proceedings, or take any action other than signing the written judgment reflecting the judgment rendered by the trial court immediately after the hearing; thus, the losing party (here, the TABC) was not required to file a motion for new trial or take other action before the trial court in order to preserve

---

2. The court in *Walker* was interpreting TEX.PEN. AUX.LAWS art. 666–14 a statute with essentially the same wording and a 10–day period for hearing like the statute before us.

appeal because the court had no power to accept or rule on any such motions. *See Spears*, 524 S.W.2d at 292.[3] Satisfied that the trial court's judgment is not void for lack of jurisdiction and that the appeal is properly before us on the notice issue, we proceed to consider the remaining point of error.

 In reviewing the findings of the hearings examiner, the trial court was to employ the substantial evidence standard. TEX.ALCO.BEV.CODE.ANN. § 11.67 (Vernon Supp.1993). We, too, must review the evidence under that standard. *Helms v. TABC*, 700 S.W.2d 607, 610 (Tex.App.— Corpus Christi 1985, no writ). Under that standard, an appellant bears the burden to prove that the findings, inferences, conclusions, and decisions of the administrative agency are not supported by substantial evidence. *Texas Health Facilities Comm'n v. Charter Medical–Dallas*, 665 S.W.2d 446, 453 (Tex.1984). In making the determination, the trial and appellate courts must review all the evidence presented. *Helms*, 700 S.W.2d at 610. To sustain the burden under this standard, the appellant must show that no substantial evidence existed at the time of the hearing to support the order. *N.J.R., Inc. v. TABC*, 494 S.W.2d 235, 236 (Tex.Civ.App.— Houston [1st Dist.] 1973, no writ). Neither may the court substitute its judgment for the agency's as to the weight of evidence on questions committed to the discretion of the agency. The court may reverse the decision if the administrative findings, inferences, conclusions, or decisions (1) violate constitutional or statutory provisions, (2) exceed the statutory authority of the agency, (3) rely on unlawful procedure, (4) are affected by other error of law, (5) are not reasonably supported by substantial evidence in view of the reliable and probative evidence in the record as a whole, or (5) are arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion. TEX.REV.CIV.STAT. ANN. art. 6252–13a, § 19(e) (Vernon Supp. 1993). Substantial evidence is more than a scintilla, but may be less than a preponderance. *Charter Medical*, 665 S.W.2d at 452. If reasonable minds could have reached the conclusion of the administrator, the court must uphold the decision. *Id.* at 453.

 By point of error two, the TABC contends that the trial court erred in concluding that Medina had insufficient notice and reversing the hearings examiner's decision. The statute provides that all parties must be afforded an opportunity for hearing after reasonable notice. TEX.REV.CIV. STAT.ANN. art. 6252–13a, § 13(a) (Vernon Supp.1993). The statute also provides for continuance of the hearing time and place. TEX.REV.CIV.STAT.ANN. art. 6252–13a, § 13(i) (Vernon Supp.1993). The hearings examiner found that Medina was duly notified of the hearing. The hearings examiner stood by that conclusion despite Medina's motion for rehearing and the affidavit from Gregorio Medina. That conclusion was supported by the TABC's response and the TABC's counsel's affidavit.

We find that the trial court erred in reversing based on its findings that Medina received insufficient notice of the hearing, and that the agency's denial of a rehearing constituted an abuse of discretion. Medina acknowledged receipt of the original notice of the hearing, which set out, among other things, the time, date, and place of the hearing. After Flores entered an appearance, the order regarding the continuance

3. The facts of this case distinguish it from *Spears* in that here the court timely held a hearing, whereas in *Spears* the initial setting for the hearing was 43 days from the filing date. We could use the reasoning from *Spears* that all actions by the trial court after the 10–day period are void to strip the power to sign the written judgment, but we find that such a holding would be unduly harsh on appellants in cases where there has been a timely hearing and timely oral rendition of judgment. Such a holding would place the burden on appellants not only to get a hearing within 10 days but also to get the written judgment signed. That would likely place a secondary burden on appellate courts to deal with anticipatory and actual mandamus requests. We believe that the better course is to have trial judges hear or "try" the case within 10 days and render judgment in that period, but not to strip appellants of their appeal and render for appellees automatically if the judge does not sign the written judgment within 10 days.

of April 18 was sent certified mail to him. His subsequent participation indicated knowledge of the continuance. Flores' office acknowledged receipt of the certified mail notice of the second continuance and the July 31 hearing in the same manner as before. The June 21 notice of continuance contained the new date and time of the hearing.[4] At the time of the administrative hearing, this was the evidence regarding notice at hand, and the conclusion was clearly correct. On the motion for rehearing, Medina countered this evidence with Gregorio Medina's affidavit and Flores's assertion in the motion. Gregorio Medina's affidavit clearly implies that the business did not know of the appeal, but does not deny that Medina's attorney of record had received notice of the hearing nor imply that such notice would be unreasonable. Flores asserted in the body of the motion for rehearing that he was unaware of the July 31 setting and had not found the notice in his file. Flores's assertion was not in affidavit form; more important, it does not deny that his office received the notice.

We find that the TABC's hearings examiner's conclusion that there was sufficient, reasonable notice is supported by an implicit finding of fact that Medina's counsel's office received the notice. That implicit finding is supported by substantial and even preponderate evidence. The agency's denial of the motion for rehearing on the claim of no notice was not an abuse of discretion. We find that the trial court erred in finding the denial of the motion for rehearing an abuse of discretion. We sustain point of error two.

Our rulings sustaining points of error two and four moot our consideration of point of error three. We reverse the trial court judgment and render judgment reinstating the order of the TABC hearings examiner. In accordance with that order,

Wine and Beer Retailer's Permit No. BG–243486 is cancelled.

---

4. Medina argues that she did not have this notice. She does not challenge the sufficiency of this notice. The statute states, "The agency may continue a hearing from time to time and from place to place. The notice of the hearing must indicate the times and places at which the hearing may be continued." Tex.Civ.Stat.Ann. art. 6252–13a § 13(i). In light of Medina's receipt of the original full-scale notice, the previous notice for continuance which only contained a date, and Medina's continued participation after that notice, we find that the notice changing only the date was sufficient to notify Medina of the hearing. We note, however, that TABC's notices of continuance would be better if they contained all the information about the hearing regarding date, time, *and* place.