Morgan 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-208-CV





JOHN W. MORGAN,



 APPELLANT


vs.





EMPLOYEES' RETIREMENT SYSTEM OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT



NO. 91-15881, HONORABLE JERRY DELLANA, JUDGE PRESIDING 



 




 This is an appeal from a suit seeking judicial review of an order of appellee
Employees' Retirement System of Texas ("ERS") denying appellant John W. Morgan's application
for occupational disability retirement benefits. After a hearing, the district court granted the ERS'
plea to the jurisdiction and dismissed Morgan's cause with prejudice for lack of jurisdiction. By
its order, the district court found Morgan's motion for rehearing failed to preserve error because
it was not sufficiently specific. Morgan appeals the dismissal. We will reverse the district court's
order and remand the cause to the district court.


BACKGROUND


 Appellant John W. Morgan was hired by the Texas Department of Corrections
("TDC") in August 1982. When he was hired by TDC, Morgan was forty-four years old and had
been employed previously as a roughneck on a drilling rig. On his application for employment
with TDC, Morgan answered "yes" to a question regarding the presence of "physical handicaps,
diseases, and disabilities," but failed to explain these conditions as instructed. Morgan testified
at an appellate hearing before the ERS that prior to his employment, he orally clarified the extent
of his disabilities to people at the TDC by informing them that he had sustained a back injury
while working for his former employer.

 Beginning in January of 1987, almost four and one-half years after being hired by
TDC, Morgan claimed that he injured his back, in the course of his duties with TDC, while
unloading a box of screws from a pallet in a TDC warehouse. After this occurrence he was
unable to work for several weeks. In June of 1989, Morgan claimed he suffered another injury
to his back and a hernia when he slipped on the steps at the TDC office while delivering
paperwork regarding extension of his medical leave to the personnel department. On October 31,
1989, TDC terminated Morgan due to disability.

 As a result of his termination, Morgan applied to ERS for disability retirement
benefits. ERS denied these benefits based on a finding that Morgan's condition resulted from
aggravation of a back injury that he had suffered before employment with TDC. Morgan
appealed this decision to the ERS Board of Trustees. After a hearing, the hearing examiner
upheld the original determination. The ERS Board of Trustees adopted the examiner's decision
on August 29, 1991. Morgan then filed a motion for rehearing (1)
 which was overruled by operation
of law. Morgan sought judicial review within thirty days of that order. On February 24, 1992,
ERS filed its plea to the jurisdiction and special exception requesting that the cause be dismissed
with prejudice. ERS argued that Morgan's motion for rehearing lacked the requisite specificity. 
The district court granted the agency's plea to the jurisdiction and dismissed the cause with
prejudice for lack of jurisdiction.


DISCUSSION AND HOLDING


 Morgan's sole point of error attacks the trial court's holding that his motion for
rehearing before the ERS was insufficient to support the court's jurisdiction under sections
2001.145-.146 of the Administrative Procedure Act. (2) Morgan contends that his motion for
rehearing gave the agency sufficient notice of the errors alleged in the decision.

 The procedural prerequisites for judicial review of ERS decisions are governed by
APA section 2001.145, which states that "a timely motion for rehearing is a prerequisite to an
appeal in a contested case." APA § 2001.145. The purpose of this requirement is to insure that
the aggrieved party has exhausted all administrative remedies before seeking judicial review of
the agency's decision. Lindsay v. Sterling, 690 S.W.2d 560, 563 (Tex. 1985). However, in
drafting section 2001.145, the legislature was silent as to what a motion for rehearing must
contain.

 The purpose of a motion for rehearing is to put the agency on notice as to the errors
the party seeking judicial review alleges. Thus, motions for rehearing must be "sufficiently
definite" to apprise the agency of the errors claimed and allow the agency the opportunity to either
correct the error or prepare to defend it. Suburban Util. Corp. v. Public Util. Comm'n, 652
S.W.2d 358, 365 (Tex. 1983). Furthermore, this Court has stated that APA section 2001.145 sets
a standard of fair notice that requires the complaining party to set forth succinctly (1) the
particular finding of fact, conclusion of law, ruling, or other action by the agency that the
complaining party asserts was error; and (2) the legal basis upon which the claim of error rests. 
Burke v. Central Educ. Agency, 725 S.W.2d 393, 397 (Tex. App.--Austin 1987, writ ref'd n.r.e). 
These two elements may not be supplied solely in the form of generalities. Id. 

 ERS claims that Morgan's allegations in his motion for rehearing are too general
to identify the claimed error. We disagree. Unlike the complicated issues and vague motion for
rehearing filed by the appellant in Burke, the facts of this case are comparable to the motion for
rehearing reviewed in Palacios v. Texas Real Estate Comm'n, 797 S.W.2d 167, 169
(Tex.App.--Corpus Christi 1990, writ denied). In Palacios, the Corpus Christi Court of Appeals
held that objections to the Texas Real Estate Commission's interpretation of a single provision of
the Texas Real Estate License Act, made in a motion for rehearing, were sufficiently specific,
where the only issue in the agency hearing was the application of the provision to the facts of the
case. Palacios, 797 S.W.2d at 169. Likewise, the instant cause has but one point of contention: 
whether Morgan should receive disability retirement benefits despite a pre-employment back
injury that may have contributed to his subsequent disabling injury. Morgan claims he suffered
a new injury while working for TDC which changed his medical condition and caused his
disability. ERS claims a pre-existing injury caused the disability. From this relatively simple
conflict, ERS based its decision on sixteen findings of fact, and three conclusions of law. 

 Findings of fact one through six generally outlined the administrative history of the
case through the conclusion of the agency hearing. Findings seven through nine discussed
appellant's employment at TDC and the two incidents which resulted in his back injury. Findings
ten through thirteen addressed Morgan's back problems and concluded that he had sustained a
back injury in 1982, before his employment with TDC. Additionally, these findings stated that
he had suffered from back and leg pain, as well as "degenerative disc disease, lumbar
radiculopathy, herniated nucleus pulposus, and osteoarthritis" prior to his employment at TDC. 
Findings fourteen through sixteen concluded that Morgan's on-the-job accident merely aggravated
the aforementioned pre-existing back problems. The agency concluded that the conditions did not
result from inherent risks or hazards associated with his employment duties at TDC. Accordingly,
the agency's three conclusions of law stated that Morgan's request for disability retirement
benefits was denied because of its finding that Morgan's condition did not result from "a specific
act or occurrence determinable by a definite time and place" or "an inherent risk or hazard"
arising from his employment at TDC. 

 We hold that Morgan's motion for rehearing is sufficiently specific to apprise ERS
of the errors claimed and to enable the agency to correct or prepare to defend against these claims. 
Morgan's motion specifically isolates and points out errors contained in the agency's findings of
fact ten through fourteen and sixteen, and challenges each finding as being either immaterial to
the agency's determination, unsupported by the evidence, or contradicted by numerous specific
items of evidence. (3)

 Similarly, Morgan specifically excepts to the agency's conclusions of law. Though
Morgan formally makes the exceptions as a group, he does not supply the elements in the form
of generalities. Morgan's motion for rehearing specifically attacks the substance of the agency's
conclusions of law and gives a five-page analysis of why these conclusions are incorrect.

 ERS also claims Morgan's motion for rehearing is insufficient because it disputes
factual findings but fails to present valid legal objections to the agency's order. ERS argues that
Morgan is required to state that the agency findings lack "substantial evidence" because that is the
standard of judicial review. See APA § 2001.174. We disagree. The analysis contained in
Morgan's motion for rehearing explaining the various ways in which the agency's findings are
unsupported by the evidence is an acceptable legal objection at the agency level. Technical
pleading requirements at the agency level in no way promote the policies behind the notice and
specificity requirements for a motion for rehearing. 

 It is true that Morgan's motion for rehearing is not a form-book example of such
a motion, but it achieves its purpose: it sufficiently informs the agency to which it is addressed
of the errors alleged. Where the overall purpose of a motion for rehearing is achieved, we will
not penalize a party for being unorthodox. This is especially true when the sanction results in the
trial court's loss of jurisdiction and a complete denial of judicial review.


CONCLUSION


 For the aforementioned reasons, we sustain Morgan's point of error and on that
basis reverse the trial court's judgment and remand the cause to the district court for judicial
review of the agency order.



 

 Mack Kidd, Justice

Before Justices Powers, Jones and Kidd

Reversed and Remanded

Filed: March 16, 1994

Publish

1. [1]  In the motion for rehearing, Morgan incorporated a memorandum brief in support of the
motion. Originally, ERS objected to this incorporation claiming that documents incorporated
by reference into motions for rehearing preserve no error. We addressed this issue in Texas
Water Comm'n v. Customers of Combined Water Sys. Inc., 843 S.W.2d 678, 682 (Tex.
App.--Austin 1992, no writ) (holding that a motion for rehearing which referred to a proposal
for decision by a hearing examiner was sufficiently definite). However, ERS voluntarily
waived its objection to the incorporation of the brief in support and thus this issue is not before
us. 

2. [2]  All citations in this opinion are to the current Administrative Procedure Act rather than
the former Administrative Procedure and Texas Register Act, because the recent codification
did not substantively change the law. Act of May 4, 1993, 73d Leg., R.S., ch. 268, § 47,
1993 Tex. Gen. Laws 583, 986 (Administrative Procedure Act, Tex. Gov't Code Ann. §
2001.001-.902) (West 1994) [hereinafter APA].
3. [3]  ERS contends that Morgan did not preserve his objection to finding of fact 15 by failing
to include it specifically in his motion for rehearing. Finding of fact 15 states: "Appellant's
disability is the result of the conditions described in finding of fact 12." Since it is clear that
finding of fact 15 is derived directly from finding of fact 12, and finding of fact 12 is
specifically identified in Morgan's motion for rehearing, it logically follows that finding of
fact 15 is identified as well. Thus, we hold error was preserved as to finding of fact 15 by
Morgan's specific objection to finding of fact 12 in his motion for rehearing.