Jose Luis GARZA d/b/a Tropicana
Night Club, Petitioner,

v.

TEXAS ALCOHOLIC BEVERAGE
COMMISSION, Respondent.

No. 00–1069.

Supreme Court of Texas.

Argued Oct. 10, 2001.

Decided July 3, 2002.

Logene L. Foster, Sugar Land, Stephen A. Doggett, Richmond, for Petitioner.

John Cornyn, Attorney General, Andy Taylor, First Assistant Attorney General, Seth Byron Dennis, W. Reed Lockhoof, Dewey E. Helmcamp, III, Jeffrey S. Boyd, Don Walker, Office of the Attorney General of Texas, Austin, for Respondent.

Justice JEFFERSON delivered the opinion of the Court in which Chief Justice PHILLIPS, Justice HECHT, Justice ENOCH, Justice OWEN, Justice HANKINSON, Justice O'NEILL, and Justice RODRIGUEZ joined.

This case involves the time period within which a district court must render judgment following an appeal to that court from an administrative order canceling, suspending, or refusing a liquor license. Texas Alcoholic Beverage Code section 11.67 provides that an appeal of a liquor license denial must be tried to the district court within ten days after it is filed. TEX. ALCO. BEV.CODE § 11.67(b)(2). Here, the district court conducted a hearing within the required ten days, but did not sign a judgment until nineteen days after the appeal was filed. The court of appeals dismissed the appeal, holding that the district court's late decision divested that court, and any subsequent court, of jurisdiction to decide the case. 83 S.W.3d 161.

We hold that section 11.67 requires that judgment be rendered no later than ten days from the date the appeal to the district court is filed. But, regardless of how rendition occurs, section 11.67 does not prevent a district court from performing the ministerial act of memorializing a timely rendition in a signed judgment after the ten-day period has passed. Any judgment signed after that ten-day period that differs from a timely rendition of judgment is void. When, as here, a district court does not render judgment within ten days, judgment is rendered by operation of law against the party seeking the issuance, renewal, or reinstatement of a license. At that point, the district court has a ministerial duty to sign a judgment affirming the administrative decision. Proceedings in the district court remain interlocutory until the district court signs that judgment. In this case, the district court has never signed a judgment affirming the administrative decision. Because the matter remains interlocutory, we affirm the court of appeals' judgment dismissing the appeal for want of jurisdiction.

### I. Background

Jose Luis Garza applied to the Texas Alcoholic Beverage Commission (TABC) to

renew a beer and wine retailer's on-premises license for the Tropicana Night Club in Rosenberg, Texas. The TABC denied Garza's application and ordered him to submit an application to the constitutional county court. *See* TEX. ALCO. BEV.CODE § 61.49. On October 28, 1997, the county judge, sitting in an administrative capacity, signed a judgment denying renewal of the permit. Garza's motion for rehearing was overruled by operation of law. *See* TEX. GOV'T CODE § 2001.146(c).

On January 9, 1998, Garza appealed the county judge's order to the 268th District Court, which conducted a hearing on January 16, 1998. *See* TEX. ALCO. BEV.CODE §§ 11.67(a), 61.34(a). In a written judgment, the district court held that the county judge committed reversible error by limiting Garza to five trial witnesses. The district court vacated the administrative judgment and remanded the case to the county judge for further proceedings. The district court's judgment recited that the court "rendered its decision on January 20, 1998." However, the court actually signed the judgment on January 28, 1998. On remand, the county judge conducted a second hearing, at which the judge again denied Garza's renewal application. Garza appealed the county judge's second decision to the 240th District Court. That district court denied the license renewal on January 6, 1999 and Garza appealed to the court of appeals.

With one judge dissenting, the court of appeals held that the 268th District Court lacked jurisdiction at the time it remanded the case to the county judge because it did not render judgment within ten days following Garza's January 9, 1998 appeal to that court. 83 S.W.3d 161. The court of appeals vacated the subsequent judgments of the county judge and the district court and dismissed the appeal, effectively leaving in place the county judge's October 28, 1997 administrative order denying the renewal application. Disagreeing with that result, the dissent concluded that "the legislature [did not intend] to preclude appeal by a party who has done everything required under the Texas Alcohol Beverage Code, just because the trial court failed to meet its responsibilities." *Id.* at 169 (Larsen, J., dissenting).

Garza filed a petition for review contending that (1) the court of appeals erred in interpreting Alcoholic Beverage Code section 11.67 to require both a hearing and rendition of judgment within ten days of the date the appeal is filed; (2) the record contains a docket-sheet entry reflecting that the 268th District Court did, in fact, render judgment within the ten-day period; and (3) the court of appeals' interpretation of section 11.67 violates Garza's right of due process under the United States and Texas Constitutions and contravenes the open-courts and separation-of-powers provisions of the Texas Constitution. We granted Garza's petition to decide these issues.

## II. *The Ten–Day "Trial on Appeal"*

The Texas Alcoholic Beverage Code gives an applicant whose alcohol permit is suspended or denied the right to appeal that administrative decision to a district court. TEX. ALCO. BEV.CODE § 11.67. The relevant portion of the statute reads as follows:

The appeal shall be under the substantial evidence rule and against the commission alone as defendant. The rules applicable to ordinary civil suits apply, with the following exceptions, which shall be construed literally:

(1) the appeal shall be perfected and filed within 30 days after the date the order, decision, or ruling of the commission or administrator becomes final and appealable;

(2) the case shall be tried before a judge within 10 days from the date it is filed;

(3) neither party is entitled to a jury; and

(4) the order, decision, or ruling of the commission or administrator may be suspended or modified by the court pending a trial on the merits, but the final judgment of the district court may not be modified or suspended pending appeal.

TEX. ALCO. BEV.CODE § 11.67(b).

Generally, on appeal from an administrative denial of a liquor license, the district court conducts an abbreviated hearing[1] and renders a decision within ten days after the appeal is filed. *See id.* § 11.67(a), (b). At the district court's discretion, the decision to withhold the license may be suspended pending the abbreviated hearing. *Id.* § 11.67(b)(4). However, a final judgment, once rendered, takes immediate effect and cannot be suspended pending an appeal to the court of appeals. *Id.* The statute makes no provision for a disposition in the event the district court does not render judgment within ten days. We address that issue today. We have held that section 11.67(b)(2) requires all proceedings in the district court to be completed within ten days of the date the appeal is filed. *Cook v. Walker*, 529 S.W.2d 762, 762 (Tex.1975); *Cook v. Spears*, 524 S.W.2d 290, 292 (Tex.1975). In *Spears*, we discussed the legislative history of article 666–15e, section 7a of the Texas Liquor Control Act, which is the predecessor to Texas Alcoholic Beverage Code section 11.67(b). 524 S.W.2d at 291. We observed that the earliest version of the Act required only that an appeal be tried within ten days or at the earliest possible time thereafter "in the event the Judge is not able to try such cause within such ten (10) day period." *Id.* at 291 n. 2 (emphasis omitted) (citing Texas Liquor Control Act, 44th Leg., 2d C.S., ch. 467, art. I, § 14, 1935 Tex. Gen. Laws 1795, 1803).

The Legislature subsequently amended that provision by striking the language permitting a judge to extend the trial beyond the ten-day period. *See* Act of May 22, 1937, 45th Leg., R.S., ch. 448, art. I, § 15, 1937 Tex. Gen. Laws 1053, 1066. In 1961, the Legislature added article 666–15e to the Liquor Control Act and declared that the terms of the statute, including the ten-day-trial rule, "shall be considered literally." Act of May 25, 1961, 57th Leg., R.S., ch. 262, § 7a, 1961 Tex. Gen. Laws 559, 561. Based on the Legislature's systematic efforts to constrict the timetable within which judgment must be rendered, we concluded in *Spears* that the appeal

---

1. Originally, the Legislature envisioned the hearing at the district court level to be a trial on the merits. Section 11.67(b)'s predecessor directed the district court to conduct the appeal as a trial de novo. Texas Liquor Control Act, 44th Leg., 2d C.S., ch. 467, art. I, § 14, 1935 Tex. Gen. Laws 1795, 1803. Following the statute's enactment, the provision granting the district court de novo review of a Liquor Control Board order was declared unconstitutional. *See Bradley v. Texas Liquor Control Bd.*, 108 S.W.2d 300, 302 (Tex.Civ. App.-Austin 1937, no writ) (determining that a trial de novo would be an unconstitutional attempt by the Legislature to confer administrative powers and duties on the judiciary). The current version of the statute incorporates a substantial evidence standard of review to avoid the constitutional infraction identified in *Bradley*. *See* TEX. ALCO. BEV.CODE § 11.67 revisor's note. In the district court, there is no live witness testimony nor introduction of evidence outside the record of the administrative proceeding, as the word "trial" might otherwise imply. However, references to a district court "trial" on appeal and "trial on the merits" have not been stricken from the current statutory language. *See id.* § 11.67(b)(2),(4).

period in the district court could not exceed the statutory ten-day limit. 524 S.W.2d at 291–92. Thus, we held that the permittee in *Spears,* who sought a continuance and further discovery well beyond the ten-day period for court action, lost his right to a district court appeal when the period elapsed without a district court judgment. *Id.*

We reached a similar conclusion in *Cook v. Walker.* There, although the license applicant filed an appeal to the district court on March 26, 1975, the judge did not set the matter for trial until May 2, 1975. *Walker,* 529 S.W.2d at 762. Because more than ten days expired between the filing date and the trial date, we concluded that the applicant's right to a district court appeal expired at the end of the tenth day. *Id.*

Garza contends that *Spears* and *Walker* are distinguishable because, in this case, the district court actually heard the matter eight days after Garza filed his appeal. This distinction is significant if, as Garza asserts, the "trial" in section 11.67(b)(2) refers only to a hearing on the merits and does not necessitate rendition of judgment. In support of his argument, Garza cites *Fox v. Medina,* 848 S.W.2d 866 (Tex.App.-Corpus Christi 1993, no writ). In *Fox,* the district court conducted its hearing and rendered an oral judgment in open court within ten days of the date the appeal was filed, but did not sign the judgment until after the expiration of the statutory period. *Id.* at 870. Rather than require the appellant to obtain a written judgment within ten days, the court of appeals reasoned that "the better course is to have trial judges hear or 'try' the case within 10 days and render judgment in that period, but not to strip appellants of their appeal and render for appellees automatically if the judge does not sign the written judgment within 10 days." *Id.* at 871 n. 3.

We agree with *Fox* that "trial," as used in section 11.67, refers to a hearing on the merits and rendition of judgment. And regardless of how rendition occurs, section 11.67 does not prevent a district court from performing the ministerial act of memorializing a timely rendition in a signed judgment after the ten-day period has passed. However, Garza asks this Court to hold that the district court may defer rendering judgment until some point in time after the ten-day period has expired. We decline to do so. Garza's suggested interpretation of the term "trial" under section 11.67(b) would leave the district court free of the statute's time limitations and able to delay rendition indefinitely. We cannot reconcile this result with the Legislature's express decision to confine the trial of a licensing appeal to a rigid ten-day time limit. *See Spears,* 524 S.W.2d at 291. Considering the statute as a whole, it is evident that section 11.67(b) was designed to secure a speedy disposition of administrative appeals. If we were to adopt Garza's position—that a district court may delay rendition indefinitely—a business could continue operating more than ten days after the appeal is filed even when (as here) a county court has concluded that the business imperils the general welfare, health, peace, morals, and safety of the people. *See* TEX. ALCO. BEV.CODE § 61.42(a)(3). The statute itself forecloses Garza's argument. Section 11.67(b)(4) provides that "the order, decision, or ruling of the commission or administrator may be suspended or modified by the court pending a trial on the merits, but the final judgment of the district court may not be modified or suspended pending appeal." The Legislature made certain that a business found to endanger public safety would cease operations during the pendency of further appeals. Garza's inter-

pretation would contravene the statute by removing this safeguard.

We conclude section 11.67(b) requires that judgment be rendered no later than ten days after the licensee perfects its appeal to the district court. Because the statute creates an absolute deadline for rendition of judgment, district courts have no power to render judgment or entertain post-judgment motions after expiration of the ten-day period. *See Spears,* 524 S.W.2d at 292; *McBeth v. Riverside Inn Corp.,* 593 S.W.2d 734, 736 (Tex.Civ.App.-Houston [1st Dist.] 1979, writ ref'd n.r.e.). We disapprove of cases holding that a district court has plenary power to grant a new trial or vacate, modify, or reform a judgment after expiration of the ten-day-trial period. *See Texas Alco. Beverage Comm'n v. Top of the Strip, Inc.,* 993 S.W.2d 242 (Tex.App.-San Antonio 1999, pet. denied); *El–Kareh v. Texas Alco. Beverage Comm'n,* 874 S.W.2d 192 (Tex.App.-Houston [14th Dist.] 1994, no writ).

Our analysis is consistent with our holdings in other contexts. *See Lawyers Lloyds of Texas v. Webb,* 137 Tex. 107, 152 S.W.2d 1096, 1097 (1941) (stating that "trial" ordinarily includes every step in the determination of the issues between parties including hearings on post judgment motions for new trial, but defining "actual trial" in the writ of error statute as the hearing in open court, leading up to the rendition of judgment); *see also McBeth,* 593 S.W.2d at 736 (applying the *Lawyers Lloyds* definition of "trial" to a section 11.67(b) appeal). Accordingly, a district court's judgment in a section 11.67 appeal must be rendered within ten days of the date the appeal is filed. Although the

268th District Court signed a judgment remanding the case to the county court on January 28, 1998, that attempted rendition occurred outside the strict ten-day period conferred by the statute; therefore, the January 28, 1998 judgment and all subsequent proceedings in the district court are void.

## III. *The Docket Sheet Entry*

■ Garza argues alternatively that the 268th District Court did, in fact, render judgment within the ten-day period, as evidenced by the court's January 28, 1998 recitation that judgment was rendered on January 20, 1998.[2] The TABC disputes the order's recitation, arguing that the record establishes that the district court did not render judgment within the ten-day period. We agree with the TABC.

■ Generally, a judgment is rendered when the decision is officially announced orally in open court, by memorandum filed with the clerk, or otherwise announced publicly. *Comet Aluminum Co. v. Dibrell,* 450 S.W.2d 56, 58 (Tex.1970); *Knox v. Long,* 152 Tex. 291, 257 S.W.2d 289, 292 (1953), *Overruled in part on other grounds by, Jackson v. Hernandez,* 155 Tex. 249, 285 S.W.2d 184 (1955); *Coleman v. Zapp,* 105 Tex. 491, 151 S.W. 1040, 1041 (1912). Despite the order's pronouncement that the court "took this matter under advisement and rendered its decision on January 20, 1998," nothing in the record shows that the district court rendered judgment orally in open court, or otherwise publicly announced its decision, before the ten-day deadline expired. Thus, we must determine whether the record reflects a memo-

---

**2.** A January 20, 1998 rendition would be timely—despite the fact that the appeal was filed eleven calendar days earlier—because January 19, 1998 was Martin Luther King, Jr., Day, a legal holiday. TEX. GOV'T CODE § 662.003(a)(2). The Code Construction Act

provides that when the last day of a statutory period is a Saturday, Sunday, or legal holiday, the period is extended to include the next day that is not a Saturday, Sunday, or legal holiday. TEX. GOV'T CODE § 311.014(b); *see also* TEX.R. CIV. P. 4.

randum of decision filed on or before January 20, 1998.

In an effort to resolve this question, the court of appeals ordered the Fort Bend County District Clerk to file a supplemental clerk's record "containing any memorandum of decision or other document memorializing the rendition of judgment filed by the 268th District Court" in connection with this case. In response, the district clerk prepared a supplemental record that contained an affidavit by the deputy clerk and a docket sheet containing two hand-written entries pertaining to January 16, 1998 and January 20, 1998. Both entries are preceded by a hand-written reference date and followed by the judge's initials. The January 16th entry indicates that the appellant and the appellee appeared for trial and that the court took the matter under advisement. The January 20th entry states: "It is the determination & Judgment of this Court that the hearing Court's limitation to 5 witnesses deprived Tropicana of due process & therefore sets aside the Judgment and remands for further hearing." Garza contends that because the docket sheet contains the district court's initialed, hand-written entry reciting the substance of the court's final order before the ten-day deadline expired, the court timely rendered judgment. We disagree.

■ Ordinarily, when there is a question concerning the date judgment was rendered, the date the judgment was signed prevails over a conflicting docket sheet entry. See N–S–W Corp. v. Snell, 561 S.W.2d 798, 799 (1997); Knox, 257 S.W.2d at 292–93; Grant v. American Nat'l Ins. Co., 808 S.W.2d 181, 183–84 (Tex.App.-Houston [14th dist.] 1991, no writ). In this case, the judgment was signed January 28, 1998. Because the signed judgment takes precedence over the docket sheet entry, we do not consider

the docket sheet to be a timely rendition. Moreover, there is no indication that the court issued a memorandum of decision on January 20, 1998 or otherwise publicly announced rendition on that date. We conclude that neither the recital in the court's written judgment regarding an earlier rendition nor the January 20, 1998 docket sheet entry is sufficient to effectuate rendition of judgment on a date earlier than January 28, 1998, the date the court actually signed the judgment. We hold that the 268th District Court did not render judgment within the ten-day period section 11.67 mandates.

### IV. *The Constitutional Challenges*

■ Concluding that the expiration of the ten-day period terminated the district court's jurisdiction, the court of appeals stated that "[a]ll proceedings conducted after the expiration of the ten-day period . . . are void." 83 S.W.3d at 165. Garza argues that if he is prejudiced by the district court's failure to hear and decide the appeal within ten days under section 11.67, the statute violates his constitutional rights of due process and due course of law under Texas Constitution article I, section 19 and the Fourteenth Amendment to the United States Constitution. He also contends that the court of appeals' interpretation of the statute violates the open-courts and separation-of-powers provisions of Texas Constitution article I, section 13 and article II, section 1. Garza argues that he met all statutory requisites for appeal to the district court and should not be penalized for the court's failure to render judgment on a timely basis. The predicament Garza describes could arguably raise constitutional concerns if the district court's failure to render judgment within the ten-day period precluded an opportunity for further appeal on the merits. The United States Supreme Court has held

that although the Due Process Clause of the Fourteenth Amendment does not require a state to provide appellate review, "[w]hen an appeal is afforded ... it cannot be granted to some litigants and capriciously or arbitrarily denied to others without violating the Equal Protection Clause." *Lindsey v. Normet,* 405 U.S. 56, 77, 92 S.Ct. 862, 31 L.Ed.2d 36 (1972).

Here, the district court was engaged in an eight-week jury trial when Garza filed his appeal. At the January 16, 1998 hearing, the court announced it was "not going to be bound by any Ten–Day Rule...."[3] Garza asserts that he had no way to control the timing of the district court's rendition. Although recognizing the potential for mandamus relief, Garza argues that a mandamus proceeding would be denied as premature if filed while the district court still has an opportunity to render a timely decision. After expiration of the period, a district court's judgment, even one compelled by writ of mandamus, would be void. *See Cook v. Spears,* 524 S.W.2d 290, 292 (Tex.1975).

As we interpret the statute, however, section 11.67 does not preclude an appeal to the court of appeals after the time for the expedited appeal to the district court has passed. The statute states that "[t]he rules applicable to ordinary civil suits apply" with limited exceptions detailed in the statute, "which shall be construed literally." Tex. Alco. Bev.Code § 11.67(b). Section 11.67(b)(2) designates the time period for the "trial" in the district court. Literally construed, this provision is a limitation on the district court's power to render a judgment beyond ten days. But it would go beyond the literal terms of the statute to read section 11.67(b) as divesting a license applicant of its statutory right to appeal when the court fails or refuses to act.

The statute does not clearly instruct how to perfect that appeal when the district court has not rendered a timely judgment. *See* Tex. Alco. Bev.Code §§ 11.67(b)(4), 61.34. We assume that the Legislature did not intend to deprive a party of appellate remedies on the sole ground that the district court was unable or unwilling to perform its statutory duty. *See Brady v. Fourteenth Court of Appeals,* 795 S.W.2d 712, 715 (Tex.1990) ("Statutes are given a construction consistent with constitutional requirements, when possible, because the legislature is presumed to have intended compliance with state and federal constitutions."). That interpretation would frustrate an express purpose of section 11.67, which contemplates that a license applicant has the right to appeal an adverse decision to the court of appeals. *See* Tex. Alco. Bev.Code §§ 11.67(b)(4), 61.34; *see also* Tex. Gov't Code § 2001.901 (stating that in administrative cases "[a] party may appeal a final district court judgment ... in the manner provided for civil actions generally").

Accordingly, we hold that if the district court fails to render judgment within the allotted time, judgment is rendered by operation of law once the ten-day appeal period expires. At that point, the district court has a ministerial duty to sign a judgment affirming the administrative decision, which can then form the basis of an appeal. *Cf. Dunn v. Dunn,* 439 S.W.2d 830, 832 (Tex.1969) (court has ministerial duty to sign judgment after oral rendition); Tex.

3. At the conclusion of the hearing the district court stated:

> I'll take these matters under advisement and issue my decision as early as possible. I'm not going to be bound by any Ten–Day Rule when I have 16 volumes of transcripts to read through plus lengthy briefs. I will get to it and decide as early as I possibly can.

R.App. P. 26.1 (requiring a signed judgment before an appeal to the court of appeals can be perfected); Tex. Alco. Bev. Code § 11.67(b) (instructing that "[t]he rules applicable to ordinary civil suits apply"). The appellate timetable runs from the date the district court signs the judgment, rather than from the date the judgment is rendered by operation of law. *See Farmer v. Ben E. Keith Co.*, 907 S.W.2d 495, 496 (Tex.1995) ("The appellate timetable does not commence to run other than by signed, written order, even when the signing of such an order is purely ministerial.").

Our resolution of the appeal today is different from our decision in *Cook v. Spears*, but in conformity with our decision in *Cook v. Walker*. In *Spears*, the hearing on the appeal to the district court was first set forty-two days after the appeal was filed. 524 S.W.2d at 291. There the commissioner sought to set aside certain trial court orders issued after the ten-day period expired, on the ground that the district court lost jurisdiction when it failed to render judgment within ten days after the appeal was filed. *Id.* at 290–91. We declined to issue the writ of mandamus, stating that once the ten-day period expired, the commission's order became "final and enforceable," and the proceedings conducted beyond ten days "were void because the right to a trial on appeal was lost." *Id.* at 292. Under that reasoning, *any* district court action taken after expiration of the ten days, including the court's fulfillment of a ministerial duty to sign a judgment affirming the commission's order, would be void.

We did not address in *Spears* the issue presented here—whether a district court's failure to render judgment extinguishes a party's appellate rights. Because section 11.67 makes an appeal to the district court an essential step between the administra-

tive order and review by the court of appeals, strict adherence to the disposition in *Spears* would foreclose an appeal to the court of appeals when the district court fails to act timely. This Court's decision in *Walker*, which was decided the same year as *Spears*, takes the better approach.

In *Walker* we cited *Spears* for the proposition that the applicant "lost his right to trial on appeal," but we ordered the district court "to proceed to judgment approving the order of the Commission." *Walker*, 529 S.W.2d at 762–63. Implicit in that holding is an assumption that the underlying administrative judgment was affirmed when the district court did not render judgment within ten days. Nothing in *Walker* suggests that the license applicant lost his right to perfect an appeal in the court of appeals. Indeed, our disposition resulted in a final judgment in the district court, appealable to the court of appeals. Similarly, our decision today preserves the right to appeal the district court's judgment affirming the license denial once the district court signs the judgment rendered by operation of law. We believe this disposition best reconciles the clear legislative directive to limit the time to decide an appeal in the district court with the Legislature's insistence that a license applicant be afforded the right to challenge an adverse judgment in the court of appeals. We overrule *Cook v. Spears* only to the extent it may be read to preclude the district court from performing its ministerial duty to sign a judgment affirming the administrative license denial when the district court has not rendered judgment within the deadline contained in section 11.67. Although the county judge's decision was affirmed by operation of law at the end of the ten-day period, the 268th District Court has never signed a judgment in conformity with that rendition. In the absence of a valid, signed judgment,

the matter remains interlocutory in the district court. The court of appeals appropriately dismissed the appeal for want of jurisdiction. The district court's failure to render a timely judgment does not foreclose further appeal; therefore, the statute preserves Garza's right to appellate review.

### V. *Conclusion*

We hold that judgment in a section 11.67 trial on appeal to the district court must be rendered within ten days of the time the appeal is filed. We further conclude that the statutory ten-day-trial requirement of section 11.67 does not conflict with Garza's constitutional rights under the United States and Texas Constitutions, because the district court's failure to render judgment within the statutory ten-day period does not foreclose an appeal to the court of appeals. Because the district court did not render a timely judgment within the statutory ten-day period, judgment was rendered by operation of law affirming the administrative decision. The district court retains jurisdiction to perform the ministerial duty of signing a judgment in conformity with that rendition. The appellate timetable to perfect an appeal, if any, to the court of appeals commences once that judgment is signed. Accordingly, we affirm the court of appeals' judgment dismissing the appeal for want of jurisdiction.

Justice BAKER filed a dissenting opinion.

Justice BAKER filed a dissenting opinion.

I agree with the Court's conclusion that section 11.67 of the Texas Alcoholic Beverage Code limits the district court's power to try the administrative appeal and render a judgment within ten days from the date the aggrieved party files the appeal to the district court. Moreover, I agree that

the district court's docket sheet entry did not amount to a rendition of judgment within the ten-day statutory period.

However, I cannot agree with the Court's decision about how to resolve the fundamental issue in this case: How does an applicant under section 11.67 exercise its statutory right to appeal the administrative decision to the court of appeals if the district court fails to try the appeal and render and sign a written judgment within ten days? In answering this question, the Court acknowledges that any rendition or other ruling by the district court that occurs outside the strict ten-day period is "void." 89 S.W.3d at 7. But then the Court holds that, after the ten-day period expires, "the district court has a ministerial duty to sign a judgment affirming the administrative decision, which can then form the basis of the appeal." 89 S.W.3d at 8.

I believe the Court's resolution: (1) wholly ignores our law that the district court lacks jurisdiction to make any rulings after the ten-day period expires; (2) places an unnecessary burden on the applicant if the trial court fails to render and sign a written judgment within the time period; and (3) thwarts the obvious legislative intent that the district court have power over the appeal only within the constricted timetable. I would hold that, if a district court does not render and sign a written judgment from which the applicant may further appeal within the ten-day period, the administrative decision is not only deemed final and enforceable *but also* becomes the final judgment by operation of law so that the applicant can timely perfect an appeal to the court of appeals. Accordingly, I dissent.

### I. APPLICABLE LAW

Section 11.67 of the Texas Alcoholic Beverage Code affords an applicant whose al-

cohol permit is refused, canceled, or suspended the right to appeal to a district court and then the court of appeals. The relevant part reads:

(a) An appeal from an order of the commission or administrator refusing, cancelling, or suspending a permit or license may be taken to the district court of the county in which the applicant, licensee, or permittee resides or in which the owner of involved real or personal property resides.

(b) The appeal shall be under the substantial evidence rule and against the commission alone as defendant. The rules applicable to ordinary civil suits apply, with the following exceptions, which shall be construed literally:

(1) the appeal shall be perfected and filed within 30 days after the date the order, decision, or ruling of the commission or administrator becomes final and appealable;

(2) the case shall be tried before a judge within 10 days from the date it is filed;

(3) neither party is entitled to a jury; and

(4) the order, decision, or ruling of the commission or administrator may be suspended or modified by the court pending a trial on the merits, but the final judgment of the district court may not be modified or suspended pending appeal.

TEX. ALCO. BEV.CODE § 11.67(a)-(b).

Under the statutory scheme, the district court hearing the appeal must conduct its substantial-evidence hearing within ten days after the appeal is filed. *See* TEX. ALCO. BEV.CODE § 11.67(b)(2). The district court has discretion to suspend the administrative ruling's effect pending the hearing. TEX. ALCO. BEV.CODE § 11.67(b)(4). However, the district court's final judgment takes immediate effect and may not

be suspended pending an appeal to the court of appeals. TEX. ALCO. BEV.CODE § 11.67(b)(4).

In construing earlier versions of section 11.67, this Court has held that the statute requires that the district court complete all its proceedings within ten days from the date the appeal is filed. *Cook v. Walker,* 529 S.W.2d 762 (Tex.1975); *Cook v. Spears,* 524 S.W.2d 290 (Tex.1975). Moreover, we have held that any district court proceedings or rulings occurring after the ten-day period are "functus officio" and thus are void and have no effect. *Spears,* 524 S.W.2d at 292. And, we have also held that, if the district court fails to hear and render judgment within the ten days, the administrative decision become final and enforceable. *Spears,* 524 S.W.2d at 292.

## II. ANALYSIS

### A. WHAT THE TEN-DAY STATUTORY PERIOD REQUIRES

In both *Spears* and *Walker,* this Court recognized that an applicant loses his right to an appeal in the district court if the district court does not try the appeal and render judgment within the ten-day statutory period. *Spears,* 524 S.W.2d at 292; *see also Walker,* 529 S.W.2d at 762–63. In these original proceedings, the Court only considered whether mandamus should issue to preclude the district court from taking any further action after the ten-day period expired.

In *Spears,* the Alcoholic Beverage Commission ordered a five-day suspension of an alcohol license. *Spears,* 524 S.W.2d at 290. The licensee appealed to the district court under section 11.67(b)'s predecessor, article 666-15e, section 7a. Though the statute required a trial within ten days, the district court did not set the case for trial until one month later. At that time, the licensee moved for a continuance, and

the parties agreed to try the case another month later. On the trial date, the licensee urged two motions, one for a continuance and the other to compel the Commission to disclose certain information. The district court granted both motions but stayed the disclosure order pending the Commission's seeking mandamus relief from these rulings. *Spears*, 524 S.W.2d at 291.

On mandamus review, the Commission argued that the district court "lost jurisdiction" to enter any orders, because the ten-day period for a trial on appeal had passed. *Spears*, 524 S.W.2d at 291. In discussing the legislative history of article 666–15e, this Court noted that the statute's earliest version required only that an appeal be tried within ten days or at the earliest possible time thereafter "in the event the Judge is not able to try such cause within such ten (10) day period." *Spears*, 524 S.W.2d at 291 n. 2 (citations and emphasis omitted). But, in 1937, the Legislature amended the provision and struck the language permitting a judge to extend the trial beyond that ten-day period. *Spears*, 524 S.W.2d at 291; *see* Act of May 22, 1937, 45th Leg., R.S., ch. 448, art. I, § 15, 1937 Tex. Gen. Laws 1053, 1066. And, when the Legislature added article 666–15e to the Liquor Control Act in 1967, it declared that the statutory terms, including the ten-day trial rule, "shall be considered literally." *Spears*, 524 S.W.2d at 291; *see* Act of May 25, 1961, 57th Leg., R.S., ch. 262, § 1, 1961 Tex. Gen. Laws 559, 561.

Because of the Legislature's repeated attempts to limit the time in which the district court could try the appeal, we concluded "that the time for an appeal endured for ten days and that there [was] no authority to extend that time." *Spears*, 524 S.W.2d at 291. Applying this conclusion to the facts, we determined that the

licensee's right to an appeal in the district court expired ten days after the appeal was filed. *Spears*, 524 S.W.2d at 292. Moreover, we determined that any orders issued after the ten-day period, such as the district court's continuance and discovery rulings, were void. *Spears*, 524 S.W.2d at 292. We then determined that the Commission's suspension order became the final and enforceable decision. *Spears*, 524 S.W.2d at 292. Based on these conclusions, we held that mandamus relief would be "immaterial" and thus denied the petition. *Spears*, 524 S.W.2d at 292.

In *Cook v. Walker*, the Court reached the same legal conclusion but ordered a different result. *See Walker*, 529 S.W.2d at 762–63. In *Walker*, the licensee appealed an administrative order canceling his licenses. The district court stayed the suspension order pending the trial and set that trial for over a month later. *Walker*, 529 S.W.2d at 762. The Court held that *Spears* governed, and therefore, the licensee lost his right to an appeal in the district court ten days after he filed the appeal. However, rather than denying mandamus relief as in *Spears*, the *Walker* Court issued mandamus relief and ordered the district court to set aside its order staying the Commission's decision and to proceed to judgment approving the Commission's order. *Walker*, 529 S.W.2d at 763.

Here, Garza contends that *Spears* and *Walker* do not apply because the district court actually heard the appeal within the ten-day period, and therefore, the district court's out-of-time judgment has full force and effect. To support his position that the district court's judgment rendered after the ten-day period is not void, Garza relies on *Fox v. Medina*, 848 S.W.2d 866 (Tex.App.-Corpus Christi 1993, no writ). In *Fox*, the district court tried the applicant's appeal and orally rendered judg-

ment in open court within the ten-day period. However, the district court did not sign a judgment until the statutory period expired. *Fox,* 848 S.W.2d at 870. The court of appeals did not require the appellant to obtain a signed judgment within the ten days and, instead, held that the district court need only hear the appeal and make a decision within the ten days. *Fox,* 848 S.W.2d at 870. If this occurs, the court of appeals further held, the district court can sign a judgment reflecting that decision after the statutory time period expires. *Fox,* 848 S.W.2d at 870. The court of appeals explained that this approach precludes parties from automatically losing the district court appeal based on a deemed affirmance of the administrative decision and from losing their further appellate rights. *Fox,* 848 S.W.2d at 871 n. 3.

I disagree with Garza's contention, and *Fox's* conclusion, that section 11.67 allows a district court to sign a written judgment after the ten days pass to memorialize a decision that court made within the ten-day period. Accepting this position would enable the district court to disregard the statute's time limitations and indefinitely delay the case's finality for further appeal purposes. Furthermore, this result entirely contradicts our prior holding that the district court lacks jurisdiction to take any action after the ten-day period expires. *See Spears,* 524 S.W.2d at 292. Moreover, it runs afoul of the Legislature's express determination to limit the district court proceedings, which we have construed literally (as the Legislature requires) to mean the district court's power to act, to ten days. *See* TEX. ALCO. BEV.CODE § 11.67(b); *Spears,* 524 S.W.2d at 291.

Consistent with our jurisprudence, I conclude that section 11.67(b) limits the district court's jurisdiction to hear the case, render judgment, and sign a written

judgment for purposes of further appeal, to ten days from the date the appeal is filed. This means the district court lacks jurisdiction to render a judgment, sign a written judgment, or otherwise entertain or rule on any motions after that ten-day period expires. Consequently, any orders the district court enters after the ten-day period expires are void. Moreover, the administrative decision is deemed affirmed by operation of law once the ten-day period expires. *See Walker,* 529 S.W.2d at 762; *Spears,* 524 S.W.2d at 292.

My conclusion that the district court here lacked jurisdiction to render the out-of-time judgment reaffirms *Spears.* However, it conflicts with *Walker* to the extent that, in that case, the Court issued mandamus relief to require the district court "to proceed to judgment approving the order of the Commission." *See Walker,* 529 S.W.2d at 763. This is because, under the legal principles announced in *Spears* and recognized in *Walker,* the district court does not have jurisdiction to make any rulings—including rendering judgment or signing a written judgment merely approving the administrative decision—after the ten-day time period expires. Accordingly, I would disapprove of *Walker* and the cases that presume a district court has power to render judgment, ministerially sign a written judgment, grant a new trial, or vacate, modify or reform a judgment after the ten-day trial period expires. *See Texas Alco. Beverage Com'n v. Top of the Strip, Inc.,* 993 S.W.2d 242, 248 (Tex.App.-San Antonio 1999, pet. denied); *El–Kareh v. Texas Alco. Beverage Com'n,* 874 S.W.2d 192, 196 (Tex.App.-Houston [14th Dist.] 1994, no writ); *Fox,* 848 S.W.2d at 870–71.

Here, the district court tried the appeal and took the matter under advisement within the ten-day period. But it rendered and signed its written judgment outside

the statutory time period. Thus, the court of appeals correctly concluded that, because the district court lost jurisdiction to enter any orders after ten days, the district court's judgment is void.

### B. THE RIGHT TO FURTHER APPEAL TO THE COURT OF APPEALS

Here, because the district court lost jurisdiction over the appeal after ten days passed, the court of appeals held that it too lacked jurisdiction and dismissed the appeal. 83 S.W.3d at 168. Garza argues that the court of appeals' interpreting section 11.67 to prohibit it from exercising jurisdiction over the appeal violates his constitutional rights of due process and due course of law under the Fourteenth Amendment of the United States Constitution and article I, section 19 of the Texas Constitution. He also contends that this interpretation violates the open courts and separation of powers provisions of the Texas Constitution article I, section 13 and article II, section 1. Garza points out that he complied with all statutory requisites for the appeal to the district court and should not be penalized because that court failed to timely render judgment.

In *Spears* and *Walker*, both mandamus proceedings, whether the district court's failure to timely render and sign an appealable judgment precluded the licensee's right to a further appeal in the court of appeals was not squarely before the Court. *Walker*, 529 S.W.2d at 762–63; *Spears*, 524 S.W.2d at 292. Instead, the Court had to determine whether mandamus should issue to preclude the district court from making rulings and rendering judgment outside the ten-day period. However, upon reviewing this issue now squarely before the Court, I agree that prohibiting a party from exercising its statutory right to a further appeal if a district court fails to render judgment within the ten-day period

creates a constitutional concern. The United States Supreme Court has held that, though due process does not require a state to provide appellate review, when a state does establish an appellate right, "it cannot be granted to some litigants and capriciously or arbitrarily denied to others without violating the Equal Protection Clause." *Lindsey v. Normet*, 405 U.S. 56, 77, 92 S.Ct. 862, 31 L.Ed.2d 36 (1972).

Section 11.67 does not expressly describe how a party may appeal to the court of appeals when the district court does not render and sign a judgment within the ten days. But this Court must interpret statutes in manner that renders them constitutional. TEX. GOV'T CODE § 311.021(1); *Proctor v. Andrews*, 972 S.W.2d 729, 735 (Tex.1998). Consequently, I would hold that a district court's failure to render and sign a judgment within the ten-day period does not prohibit a party from appealing to the court of appeals. Consistent with *Spears*, I would hold that the administrative decision deemed affirmed by operation of law is not only "final and enforceable," but it also becomes the appealable signed final judgment necessary to perfect an appeal to the court of appeals. *See Spears*, 524 S.W.2d at 292; *see also* TEX.R.APP. P. 26.1. Therefore, the time in which a license applicant has to appeal to the court of appeals would run from the date the administrative decision is deemed affirmed because the district court failed to timely render and sign a judgment. This resolution best reconciles the express legislative intent that we literally construe the provision limiting the district court's time to decide an appeal with the equally express legislative intent that a party have a right to appeal to the court of appeals. *See* TEX. ALCO. BEV.CODE §§ 11.67(b), 61.34(b); *Spears*, 524 S.W.2d at 292.

Here, the jurisprudence existing when the ten-day period expired in Garza's ap-

peal to the district court required that the administrative decision became final and enforceable by operation of law. *Spears,* 524 S.W.2d at 292. Moreover, under existing law, the judgment the district court signed after the ten-day period expired was void. *Spears,* 524 S.W.2d at 292. The legal proposition that I advocate, although consistent with our jurisprudence and the legislative intent that section 11.67 expresses, was not evident when Garza's appeal was pending in the district court or when the court of appeals dismissed the appeal. And, if Garza had the benefit of this rule when the ten-day period expired in the district court, he would have known that the administrative decision that was deemed affirmed under *Spears* also became the signed final judgment for purposes of perfecting an appeal. Thus, under my proposed rule, Garza would have known how to timely perfect an appeal to the court of appeals.

Therefore, I would remand this case to the district court in the interest of justice. *See* Tex.R.App. P. 60.3; *Exxon Corp. v. Tidwell,* 867 S.W.2d 19, 23 (Tex.1993). For the reasons discussed above, the district court would lack jurisdiction to make any rulings in this case, and the remand to the district court here would be only for purposes of starting the timetable for Garza to perfect an appeal, if any, to the court of appeals. In other words, consistent with the rule I advocate, upon remand Garza could appeal to the court of appeals the administrative decision deemed affirmed and deemed the signed final judgment by operation of law. The remand would become effective, and the appellate time table would begin to run, after the time for filing any motions for rehearing in this Court expires. *See* Tex.R.App. P. 64.

### C. OTHER CONSTITUTIONAL CHALLENGES

Garza incorrectly contends that interpreting section 11.67 to require a hearing and rendition within ten days violates the Texas Constitution's open courts and separation of powers provisions. *See* Tex. Const. art. I, § 13, art. II, § 1. Garza does not demonstrate how this construction violates any of three guarantees the open courts provision provides. *See Trinity River Auth. v. URS Consultants, Inc.,* 889 S.W.2d 259, 261 (Tex.1994); *Texas Ass'n of Bus. v. Texas Air Control Bd.,* 852 S.W.2d 440, 448 (Tex.1993). Further, the cases Garza relies on are distinguishable, because they involve open courts challenges to statutes that allegedly impeded the parties' rights to bring common-law claims. *See Neagle v. Nelson,* 685 S.W.2d 11, 11–12 (Tex.1985); *Nelson v. Krusen,* 678 S.W.2d 918, 919 (Tex.1984). This case does not involve a common law claim, but only rights created under a statutory scheme.

Similarly, Garza only contends that interpreting section 11.67 to require a hearing and rendition within ten days interferes with the district court's ability—not some other branch of government's ability—to hear and decide an appeal. Thus, Garza has not shown a separation of powers violation. *See Proctor,* 972 S.W.2d at 733 (The Texas Constitution's separation of powers provision provides "the three branches of the state government and prohibits any of the three departments from exercising any power properly attached to either of the other branches.").

### III. THE COURT'S OPINION

The Court holds that, if the district court fails to render judgment within the allotted time, "the district court has a ministerial duty to sign a judgment affirming the administrative decision, which can then form the basis of an appeal" to the court of appeals. 89 S.W.3d at 8. But the Court does not reconcile this holding with its

writing that repeatedly recognizes—and declines to overrule—the previous cases holding that any district court rulings or proceedings occurring outside the ten day period are void. Somehow, by designating the district court's duty to sign a judgment affirming the administrative decision as "ministerial," the Court believes this magically empowers the district court with jurisdiction when none exists.

Moreover, the Court misplaces its reliance on *Dunn v. Dunn* to support its view that the district court retains jurisdiction after the ten-day period to ministerially sign a judgment affirming the administrative decision. *Dunn v. Dunn,* 439 S.W.2d 830, 832 (Tex.1969). In that case, the Court simply affirmed the validity of oral pronouncements from the bench by holding that, once a trial court orally renders judgment in open court, its entry of a written judgment is purely a ministerial act. *Dunn,* 439 S.W.2d at 832. The Court did not hold that a district court may sign a written judgment, even one merely affirming an administrative decision that became enforceable by operation of law, despite the district court's having lost jurisdiction over the case. Nonetheless, the Court's opinion here allows this result. *Contra State ex rel. Latty v. Owens,* 907 S.W.2d 484, 486 (Tex.1995) ("Judicial action taken after the court's jurisdiction over a cause has expired is a nullity.") (citations omitted).

Additionally, the Court's holding that the district court has authority to ministerially sign a judgment affirming the administrative decision outside the statutory time period certainly "fixes" Garza's predicament; however, it does not resolve how future parties in Garza's position may compel the district court to perform this ministerial duty. Undoubtedly, such parties who do not obtain a timely judgment through no fault of their own will be forced to file additional motions or seek relief from the appellate courts to require the district court to sign a judgment. The appellant should not bear this onerous and often costly burden.

Finally, though the Court recognizes the Legislature's intent that the appeal in the district court be strictly confined to the ten-day period, its holding entirely disregards the rationale behind this intent expressed in the statute's plain language. Section 11.67 provides that the district court may modify or suspend the administrative decision to deny a license pending the substantial-evidence trial. TEX. ALCO. BEV.CODE § 11.67(b)(4). But the district court's final judgment may not be modified or suspended pending further appeal. TEX. ALCO. BEV.CODE § 11.67(b)(4). As the Court recognizes, this ensures that a business denied an alcohol license because of its possible danger to the public will not be able to continue operations pending that business pursuing all its appellate rights. *See* 89 S.W.3d at 5. However, under the Court's holding, if a district court suspends an adverse administrative decision but does not render and sign a written judgment within the ten-day period, that suspension order arguably stands and the business can continue operations until the district court decides to, or is compelled to, perform its ministerial duty.

## IV. CONCLUSION

Today, the Court reaffirms that section 11.67 of the Texas Alcoholic Beverage Code requires a district court to hear the appeal and render a judgment within ten days of the time the appeal is filed. It also reaffirms that any ruling a district court makes after the ten-day period expires is void. However, in resolving the fundamental issue presented here—how a party enjoys its further appellate rights when the district court fails to timely render and

sign a written judgment—the Court completely contradicts these legal principles, leaves questions unanswered, and thwarts the Legislature's express directive.

I would hold that, when a district court does not render and sign a written judgment from which to appeal within the statutory ten-day period, the administrative decision is deemed affirmed by operation of law. Then, as a matter of first impression, I would hold that the administrative decision that is deemed affirmed also becomes the signed final judgment for purposes of perfecting an appeal to the court of appeals. Because the Court's resolution creates unnecessary contradictions and problems, I dissent.