Opinion issued October 14, 2004



     









In The
Court of Appeals
For The
First District of Texas




NO. 01-02-01314-CV




SPORTS @ THE B.U.S., LTD. D/B/A THE B.U.S., Appellant

V.

TEXAS ALCOHOLIC BEVERAGE COMMISSION, Appellee




On Appeal from the 269th District Court
Harris County, Texas
Trial Court Cause No. 2002-57615




MEMORANDUM OPINION
          The Texas Alcoholic Beverage Commission (the TABC) suspended appellant’s
alcoholic beverage permit for 10 days unless appellant paid a $1500 civil penalty. 
Appellant filed a petition for judicial review of the TABC’s order in the district court. 
The district court affirmed the TABC’s order. In this appeal, we consider the time
period in which the district court was required to review TABC’s order. We affirm.
BACKGROUND
          Sports @ The B.U.S., Ltd. (the B.U.S.) is a bar, located across the street from
Minute Maid Park in Houston. On September 24, 2001, T. Chadwick, an agent for
TABC, went to the B.U.S. and saw patrons seated at tables on the front sidewalk, in
a “C” shaped area surrounded by wooden posts and a railing. Chadwick saw patrons
drinking beer in the enclosed sidewalk area and issued the B.U.S. an administrative
notice, alleging a violation of section 28.10 of the Texas Alcoholic Beverage Code



by permitting the removal of an alcoholic beverage from the premises. On August
5, 2002, the administrative law judge (ALJ) found that the B.U.S. had violated section
28.10(b). On August 26, 2002, the TABC issued an order adopting the ALJ’s
recommendation.
          After the ALJ denied the B.U.S.’s motion for rehearing on Thursday,
November 7, 2002, the B.U.S. filed a petition for judicial review of the TABC’s
order. On Monday, November 18, 2002, the trial court heard the B.U.S.’s petition for
judicial review. At the hearing, the TABC’s counsel requested leave to file a
supplemental brief, which the trial court granted. The TABC served its supplemental
brief on Wednesday, November 20, 2002, and the B.U.S. responded on Thursday,
November 21, 2002. Under section 11.67(a),(b)(2) of the Alcoholic Beverage Code,
the trial court must render judgment within 10 days of the date a petition for judicial
review is filed.


 However, the trial court did not render its judgment in this case until
Tuesday, November 26, 2004, over one week after the deadline imposed by section
11.67(b)(2). 
          In its sole point of error, the B.U.S. contends that an attorney for the TABC
cannot avoid an adverse ruling by the trial court by requesting a continuance beyond
the statutory deadline. In Garza v. Texas Alcoholic Beverage Commission, 89 S.W.3d
1, 2 (Tex. 2002), the Texas Supreme Court held that “section 11.67 requires that
judgment be rendered no later than ten days from the date the appeal to the district
court is filed.” After the expiration of the 10-day period, judgment is rendered by
operation of law, and the district court has “a ministerial duty to sign a judgment
affirming the administrative decision.” Id. at 2, 8. “Any judgment signed after that
ten-day period that differs from a timely rendition of judgment is void.” Id. at 2. 
(Emphasis added). “Because the statute creates an absolute deadline for rendition of
judgment, district courts have no power to render judgment or entertain post-judgment motions after expiration of the ten-day period.” Id. at 6 (emphasis added).
          Based on the Texas Supreme Court’s holding in Garza, we conclude that a trial
court is divested of subject matter jurisdiction if it has not rendered a judgment within
10 days of the date a petition for judicial review is filed. In this case, the trial court
was divested of jurisdiction, by operation of law, when it failed to render judgment
on or before November 18, 2002. The trial court’s only possible course of action
after that date was to ministerially render a judgment affirming the TABC’s order,
which it did. Any other judgment would have been void. See id. at 8. 
          The real issue in this case is not whether the TABC can avoid an adverse ruling
by requesting a continuance that puts the case beyond the jurisdiction of the trial
court, but whether the trial court errs, as a matter of law, by granting such a
continuance. However, the record is insufficient to show that appellant preserved this
issue for appellate review. To preserve a complaint for appellate review, the party
challenging the trial court’s action must have presented to the trial court a timely
request, objection, or motion that states the “grounds for the ruling that the
complaining party sought from the trial court with sufficient specificity to make the
trial court aware of the complaint . . . .” Tex. R. App. P. 33.1(a)(1)(A). In this case,
there is no reporter’s record from the hearing and nothing in the clerk’s record to
show that appellant objected to the continuance granted by the trial court. As such,
appellant has preserved nothing for appellate review.
          We overrule appellant’s sole point of error.
          We affirm the judgment of the trial court.



                                                             Sherry Radack
                                                             Chief Justice


Panel consists of Chief Justice Radack and Justices Alcala and Bland.