

# COURT OF APPEALS

## SECOND DISTRICT OF TEXAS
## FORT WORTH

NO. 2-09-021-CV

TEXAS ALCOHOLIC
BEVERAGE COMMISSION                                                    APPELLANT

V.

I GOTCHA, INC., D/B/A
ILLUSIONS                                                              APPELLEE

------------

FROM THE 352ND DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

The sole issue we address in this appeal is whether the trial court's judgment was void. Appellee I Gotcha, Inc., d/b/a Illusions, timely sued Appellant the Texas Alcoholic Beverage Commission (TABC) in district court on March 28, 2008 for judicial review of administrative penalties assessed against

---

[1] *See* Tex. R. App. P. 47.4.

it by TABC. *See* Tex. Alco. Bev. Code Ann. § 11.67 (Vernon 2007); Tex. Gov't Code Ann. §§ 2001.001–.902 (Vernon 2008) (the Administrative Procedure Act). Section 11.67(b)(2) of the Texas Alcoholic Beverage Code requires that a petition for judicial review of administrative penalties assessed by TABC, like I Gotcha's, be tried before a judge within ten days from the date that the suit is filed in district court. *See* Tex. Alco. Bev. Code Ann. § 11.67. The district court here conducted a bench trial on April 4, 2008, within ten days after I Gotcha filed its suit for judicial review on March 28, 2008. At the conclusion of the bench trial on April 4, 2008, the trial court pronounced from the bench that it was remanding the case for determination of a factual issue that existed and requested the lawyers to prepare an order to that effect. The trial court likewise made a docket entry on the same day, noting that it had reversed and remanded the case for additional findings. The trial court signed a written judgment on December 23, 2008 that corresponded to its oral pronouncement.

In a single issue on appeal, TABC argues that Texas Alcoholic Beverage Code section 11.67(b)(2) required the trial court to sign a judgment within ten days of the date that I Gotcha's suit for judicial review was filed, or in other words, by April 7, 2008. TABC argues that the trial court lost jurisdiction over

2

the case on April 8, 2008 and that, consequently, its December 23, 2008 judgment is void.

The provision of the alcoholic beverage code relied upon by TABC provides, in pertinent part:

> (b) The appeal shall be under the substantial evidence rule and against the commission alone as defendant. The rules applicable to ordinary civil suits apply, with the following exceptions, which shall be construed literally:
>
> . . .
>
> > (2) the case shall be *tried before a judge within 10 days* from the date it is filed;

*Id.* (emphasis added). The Texas Supreme Court has construed this statutory ten-day provision to require the trial court to both conduct the trial and to render judgment within the statutory ten-day period. *Garza v. Tex. Alcoholic Beverage Comm'n*, 89 S.W.3d 1, 5–6 (Tex. 2002). Rendition of judgment, however, occurs "when the decision is officially announced orally in open court, by memorandum filed with the clerk, or otherwise announced publicly." *Id.* at 6. In *Garza*, because "nothing in the record show[ed] that the district court rendered judgment orally in open court, or otherwise publicly announced its decision, before the ten-day deadline expired," the supreme court held that the trial court's judgment signed outside the ten-day period was untimely. *Id.* at 5–7. The supreme court in *Garza* expressly noted, however, that "regardless

3

of how rendition occurs, section 11.67 does not prevent a district court from performing the ministerial act of memorializing a timely rendition in a signed judgment after the ten-day period has passed." *Id.* at 2; *see also Fox v. Medina*, 848 S.W.2d 866, 870–71 n.3 (Tex. App.—Corpus Christi 1993, no writ) (holding that trial court not required to sign judgment within section 11.67's ten-day period when court holds hearing and renders oral judgment within such time period).[2]

Here, the trial court orally rendered judgment on the record at the conclusion of the trial. The trial court explained that the administrative law judge had failed to make a finding of fact on whether a touching had occurred or had not occurred and explained that without such a finding the trial court could not determine whether the administrative law judge's conclusions of law were correct. The trial court further stated on the record that "under the rule here" it was authorized to remand for additional fact findings, and the court then rendered judgment:

> So, I can tell you right now, without taking this case under advisement or deciding it or looking at anything further, that that, to me is conflict—it's not really conflict, yet it's really more of a—something that needs to be clarified [in TABC's findings]. So if

---

[2] ... Consequently, we reject TABC's contention that oral rendition of judgment in this case was not proper.

4

someone can prepare an order to that effect that's what I'm going to do with this case.

TABC contends that the trial court's oral pronouncement of its decision is nontheless not a rendition of judgment because (1) the trial court's words were merely a discussion with counsel and (2) the trial court indicated a future intent to sign a judgment. The TABC cites *S & A Restaurant Corp. v. Leal*, 892 S.W.2d 855 (Tex. 1995). We have carefully reviewed the *Leal* opinion. That opinion supports the proposition that the trial court's pronouncement on the record of its decision in this case was a rendition of judgment. In *Leal*, the trial court announced on the record that it was approving a settlement agreement but reserved rendition of judgment by stating, "You realize that once this Judgment is signed and I approve it, everything else, it's full, final and complete?" *Id.* at 857.

Contrary to the trial court in *Leal*, the trial court here expressly refused to withhold rendition of judgment. The trial court here expressly stated that it did not need to take the case under advisement and did not need to look at anything further. The trial court here affirmatively stated that it was not deciding the case on the merits but had instead decided to remand the case for an additional fact finding, "that's what I'm going to do with this case." The fact that the ministerial act of signing a written judgment remained to be

5

performed did not make the trial court's oral, on-the-record rendition of judgment any less of a rendition. *See Garza*, 89 S.W.3d at 5 (recognizing that "regardless of how rendition occurs, section 11.67 does not prevent a district court from performing the ministerial act of memorializing a timely rendition in a signed judgment after the ten-day period has passed").

We overrule TABC's sole issue and affirm the trial court's judgment.

SUE WALKER
JUSTICE

PANEL: LIVINGSTON, GARDNER, and WALKER, JJ.

DELIVERED: January 7, 2010