COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-09-021-CV

 

 

TEXAS ALCOHOLIC 

BEVERAGE COMMISSION                                                     APPELLANT

 

                                                   V.

 

I GOTCHA, INC., D/B/A 

ILLUSIONS                                                                            APPELLEE

 

                                              ------------

 

           FROM
THE 352ND DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








The sole
issue we address in this appeal is whether the trial court=s
judgment was void.  Appellee I Gotcha,
Inc., d/b/a Illusions, timely sued Appellant the Texas Alcoholic Beverage
Commission (TABC) in district court on March 28, 2008 for judicial review of
administrative penalties assessed against it by TABC.  See Tex. Alco. Bev. Code Ann. ' 11.67
(Vernon 2007); Tex. Gov=t Code Ann. ''
2001.001B.902
(Vernon 2008) (the Administrative Procedure Act).  Section 11.67(b)(2) of the Texas Alcoholic
Beverage Code requires that a petition for judicial review of administrative
penalties assessed by TABC, like I Gotcha=s, be
tried before a judge within ten days from the date that the suit is filed in
district court.  See Tex. Alco.
Bev. Code Ann. ' 11.67.  The district court here conducted a bench
trial on April 4, 2008, within ten days after I Gotcha filed its suit for
judicial review on March 28, 2008.  At
the conclusion of the bench trial on April 4, 2008, the trial court pronounced
from the bench that it was remanding the case for determination of a factual
issue that existed and requested the lawyers to prepare an order to that
effect.  The trial court likewise made a
docket entry on the same day, noting that it had reversed and remanded the case
for additional findings.  The trial court
signed a written judgment on December 23, 2008 that corresponded to its oral
pronouncement. 








In a
single issue on appeal, TABC argues that Texas Alcoholic Beverage Code section
11.67(b)(2) required the trial court to sign a judgment within ten days of the
date that I Gotcha=s suit for judicial review was
filed, or in other words, by April 7, 2008. 
TABC argues that the trial court lost jurisdiction over the case on
April 8, 2008 and that, consequently, its December 23, 2008 judgment is void.  

The
provision of the alcoholic beverage code relied upon by TABC provides, in
pertinent part:

(b) The appeal shall be under the substantial evidence rule and
against the commission alone as defendant. 
The rules applicable to ordinary civil suits apply, with the following
exceptions, which shall be construed literally:

 

. . .

 

(2) the
case shall be tried before a judge within 10 days from      the date it is filed;








Id. (emphasis
added).  The Texas Supreme Court has
construed this statutory ten-day provision to require the trial court to both
conduct the trial and to render judgment within the statutory ten-day
period.  Garza v. Tex. Alcoholic
Beverage Comm=n, 89
S.W.3d 1, 5B6 (Tex. 2002).  Rendition of judgment, however, occurs Awhen the
decision is officially announced orally in open court, by memorandum filed with
the clerk, or otherwise announced publicly.@  Id. at 6.  In Garza, because Anothing
in the record show[ed] that the district court rendered judgment orally in open
court, or otherwise publicly announced its decision, before the ten‑day
deadline expired,@ the supreme court held that the
trial court=s judgment signed outside the
ten-day period was untimely.  Id.
at 5B7.  The supreme court in Garza expressly
noted, however, that Aregardless of how rendition
occurs, section 11.67 does not prevent a district court from performing the
ministerial act of memorializing a timely rendition in a signed judgment after
the ten‑day period has passed.@ Id.
at 2; see also Fox v. Medina, 848 S.W.2d 866, 870B71 n.3
(Tex. App.CCorpus Christi 1993, no writ)
(holding that trial court not required to sign judgment within section 11.67=s
ten-day period when court holds hearing and renders oral judgment within such
time period).[2]   

Here,
the trial court orally rendered judgment on the record at the conclusion of the
trial.  The trial court explained that
the administrative law judge had failed to make a finding of fact on whether a
touching had occurred or had not occurred and explained that without such a
finding the trial court could not determine whether the administrative law
judge=s
conclusions of law were correct.  The
trial court further stated on the record that Aunder
the rule here@ it was authorized to remand for
additional fact findings, and the court then rendered judgment:              








So, I
can tell you right now, without taking this case under advisement or deciding
it or looking at anything further, that that, to me is conflictCit=s not
really conflict, yet it=s really more of aCsomething
that needs to be clarified [in TABC=s
findings].  So if someone can prepare an
order to that effect that=s what I=m going
to do with this case.

TABC
contends that the trial court=s oral
pronouncement of its decision is nontheless not a rendition of judgment because
(1) the trial court=s words were merely a discussion
with counsel and (2) the trial court indicated a future intent to sign a
judgment.  The TABC cites S & A
Restaurant Corp. v. Leal, 892 S.W.2d 855 (Tex. 1995).  We have carefully reviewed the Leal opinion.  That opinion supports the proposition that
the trial court=s pronouncement on the record of
its decision in this case was a rendition of judgment.  In Leal, the trial court announced on
the record that it was approving a settlement agreement but reserved rendition
of judgment by stating, AYou realize that once this
Judgment is signed and I approve it, everything else, it=s full,
final and complete?@ 
Id. at 857.  








Contrary
to the trial court in Leal, the trial court here expressly refused to
withhold rendition of judgment.  The
trial court here expressly stated that it did not need to take the case under
advisement and did not need to look at anything further.  The trial court here affirmatively stated
that it was not deciding the case on the merits but had instead decided to
remand the case for an additional fact finding, Athat=s what I=m going
to do with this case.@ 
The fact that the ministerial act of signing a written judgment remained
to be performed did not make the trial court=s oral,
on-the-record rendition of judgment any less of a rendition.  See Garza, 89 S.W.3d at 5 (recognizing
that Aregardless
of how rendition occurs, section 11.67 does not prevent a district court from
performing the ministerial act of memorializing a timely rendition in a signed
judgment after the ten‑day period has passed@).

We
overrule TABC=s sole issue and affirm the
trial court=s judgment.  

 

SUE WALKER

JUSTICE 

 

PANEL: LIVINGSTON, GARDNER, and WALKER, JJ.

 

DELIVERED: January 7, 2010

 

 











[1]See Tex. R. App. P. 47.4.





[2]Consequently, we reject
TABC=s contention that oral
rendition of judgment in this case was not proper.