

# Fourth Court of Appeals
## San Antonio, Texas

November 6, 2019

No. 04-19-00698-CV

**IN THE INTEREST OF J.R.B., JR., A CHILD,**

From the 45th Judicial District Court, Bexar County, Texas
Trial Court No. 2017-PA-02035
Honorable Richard Garcia, Judge Presiding

## O R D E R

The trial court terminated the parental rights of the parents of J.R.B. Jr. and named the Texas Department of Family and Protective Services the child's permanent managing conservator in July 2018. Prior to the termination, the child had been placed with K.B., the child's paternal grandmother, and the permanency goal was relative adoption. The child remained placed with K.B. after the termination until the end of August 2019.

In early September 2019, the Department filed a motion for authorization to change J.R.B.Jr.'s placement. On September 3, 2019, K.B. filed a Petition in Intervention and to Modify Final Orders, in which she sought sole managing conservatorship or adoption of J.R.B.Jr. The Department filed an objection and a motion to strike J.B.'s pleadings. The matter was set for a hearing on September 16, 2019. A reporter's record of the September 16 hearing has been filed, in which the trial court orally granted the motion to strike the intervention based on lack of standing.

On October 8, 2019, K.B. filed a notice of appeal of the trial court's order striking K.B.'s pleadings. The notice states that the trial court orally granted the Department's motion to strike, but had not yet signed an order. The clerk's record has been filed, but it does not contain a signed order on the motion to strike.

Before a final order is appealable, it must be written and signed by the trial court. *See* Tex. R. App. P. 26.1 (appellate timetable runs from the date the judgment or order is signed); *Farmer v. Ben E. Keith Co.,* 907 S.W.2d 495, 496 (Tex. 1995) (per curiam). It is the written and signed final order that forms the basis of an appeal. *See Garza v. Texas Alcoholic Beverage Comm'n*, 89 S.W.3d 1, 8–9 (Tex. 2002). Although the trial court has a ministerial duty to sign a written order after oral rendition, the appellate timetable does not begin to run and this court may not exercise appellate jurisdiction until the order is written and signed. *See id.*

Under Texas Rule of Appellate Procedure 27.2, we may treat a case that is appealed before the judgment is final as a prematurely filed appeal and permit the defect to be cured. This appeal will be dismissed for lack of jurisdiction unless a supplemental clerk's record containing a written, signed final order is filed in this court by November 26, 2019.

_____
Luz Elena D. Chapa, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 6th day of November, 2019.



_____
MICHAEL A. CRUZ,
Clerk of Court